## William Brower v. Folkert Fass.

FILED OCTOBER 3, 1900. No. 11,071.

1. **Illegal Contract:** PARTIES IN PARI DELICTO: PRIVIES. When an illegal contract has been executed and the parties thereto are *in pari delicto*, no action lies to recover back money paid under it, or for restitution of property delivered in pursuance of its terms. This rule applies to the parties themselves and to all others claiming through or under them.

2. **Illegal Sale:** CREDITORS OF VENDOR: RIGHTS. The creditors of a vendor who has made an illegal sale of his property can not seize the same unless they can show that such transfer was an invasion of, and prejudicial to, their rights.

ERROR to the district court for Otoe county. Tried below before RAMSEY, J. *Affirmed.*

*John P. Maule* and *Ames & Ames,* for plaintiff in error.

*John C. Watson, John V. Morgan* and *Frank P. Ireland,* contra.

SULLIVAN, J.

Henry Huette was a licensed vender of intoxicating liquors, doing business at Syracuse, in Otoe county. On March 25, 1898, he executed to Dietrich Bose a bill of sale (which was in legal effect a mortgage) covering all the liquors and fixtures in his saloon. Three days later the property described in the bill of sale was sold absolutely to Folkert Fass, who took immediate possession of the saloon and continued for some time to conduct the business in the usual way, but without having obtained a license from the village board. After Fass took possession of the saloon, the only connection Huette had with the business is thus described in the abstract upon which the case is submitted: "After Mr. Fass got the property, witness [Huette] had nothing more to do with it than that he was around there to work for Mr. Fass until the

latter got around." There was no attempt to transfer Huette's license to Fass; at the time of the sale there was no agreement with respect to it, and nothing was said concerning it while the negotiations for the sale were in progress. Under an execution issued upon a judgment in favor of David Wise & Co. and against Henry Huette, the plaintiff in error, as sheriff of Otoe county, seized the liquors and fixtures aforesaid as the property of the execution defendant. Thereupon Fass commenced an action of replevin against Brower on the theory that the seizure was wrongful. The jury found in favor of plaintiff, and judgment was rendered on the verdict. The various specifications of error present but a single question for decision. We will assume for present purposes that the evidence was sufficient to warrant the jury in finding that the sale of the property in dispute was illegal—that Fass bought intending to resell in violation of law and that Huette was a guilty participant in the transaction. But the illegality of the sale was not alone sufficient to justify the sheriff in levying upon the property as the property of Huette. It was held in *Hall v. Hart*, 52 Nebr., 4; that where property of an insolvent debtor, or one in failing circumstances, has been transferred to another by an illegal sale, it will be treated as though it had been disposed of without consideration and in fraud of the rights of the vendor's creditors. Counsel for Brower insist that we shall now go a step farther and declare that creditors of a solvent vendor may appropriate to the satisfaction of their claims property which has passed out of his hands in execution of an illegal contract of sale. No decision is instanced in support of this contention, and we have been unable to find any that gives it the least countenance. In *Traders Nat. Bank v. Steere*, 165 Mass., 389, 393, it is said: "The conveyance of property by a contract which is void as being against public policy in a particular which has no reference to creditors does not necessarily give creditors a right to pursue the property after the contract has been

fully executed. Such a contract may or may not be fraudulent as against creditors. If it is, they may set it aside; if it is not, they cannot." The sale here in question was not actually fraudulent as to creditors, and it should not be held to be presumptively fraudulent, in the absence of a showing that it was prejudicial to their rights. Huette, at the time of the sale to Fass, was neither insolvent nor in failing circumstances; at least, there is no evidence that he was, and, therefore, his creditors were affected by the illegal transfer, only as all other members of the community were affected. When an illegal contract has been executed and the parties thereto are *in pari delicto*, no action lies to recover back money paid under it, or for restitution of property delivered in pursuance of its terms; and this rule is applicable, not only to the parties themselves, but to all others claiming through or under them. Huette could not recover the property in dispute; he has no cause of action against Fass. Neither can Huette's creditors reclaim such property unless the sale and delivery of it to the plaintiff was actually, or by implication of law, an invasion of their rights. If this were not so, one of the parties to an illegal transaction might at any time, with the assistance of a friendly creditor, recover back from the other money or property delivered to him as part of such transaction. In *Speise v. M'Coy*, 6 Watts & Serg. [Pa.], 485, it was held, in an opinion by Chief Justice Gibson, that money lost on a wager forbidden by statute could not be attached by a creditor of the loser. The contention in behalf of the creditor in that case was the same as the contention of the sheriff in this, but it was in effect decided that a creditor can claim nothing by virtue of an illegal act of his debtor without showing that such act was, not merely a violation of the rights of the public, but an infringement of his private rights.

The judgment is

AFFIRMED.