ALFRED H. DAVIS, APPELLEE, V. BEACH I. HINMAN, APPEL-
LEE, FANNIE CHAMBERS, APPELLANT.

FILED MAY 17, 1905. No. 13,818.

1. **Illegal Contract.** A contract intended to facilitate the procuring
of a divorce at the suit of either of the parties thereto is void.

2. ————: ACTION. Where an illegal contract has been executed, and
the parties thereto are *in pari delicto*, no action lies to recover
back money paid under it or for restitution of property delivered
in pursuance of its terms.

APPEAL from the district court for Lincoln county:
HANSON M. GRIMES, JUDGE. *Affirmed.*

*Hoagland & Hoagland,* for appellant.

*A. H. Davis* and *Wilcox & Halligan, contra.*

*Beach I. Hinman, pro se.*

DUFFIE, C.

Frank and Fannie Chambers were husband and wife.
In July, 1899, Mrs. Chambers bought of Beach I. Hinman
three acres of land for $190, taking a contract of purchase
therefor. The purchase price has been paid, with the ex-
ception of about $36, when, in September, 1901, and dur-
ing the pendency of an action for divorce brought by
Fannie Chambers against her husband, she assigned the
contract of purchase to her husband, and thereafter he as-
signed the same to the appellee, Alfred H. Davis, an at-
torney, as security for fees and expenses in defending the
divorce action. After that action had been determined,
and on a settlement between Davis and Chambers, Davis
accepted the contract in full satisfaction for his services
and expenses, and thereafter tendered to Hinman the
amount due upon the contract, and demanded a deed,
which Hinman refused to make. Thereupon Davis
brought this action against Hinman to enforce the mak-

ing of a deed, and Mrs. Chambers intervened, alleging, among other matters, that during the pendency of her action for divorce, which was being bitterly contested by her husband, an agreement was entered into between them that, in consideration of the assignment of this contract and of the transfer to her husband of a span of horses, he would abandon his defense, and allow her to take a decree for a divorce and for the custody of her two children; that he failed to keep such agreement, but prosecuted his defense with renewed activity after securing an assignment of the contract and possession of the horses.

One phase of the case which was apparently overlooked in the trial below, and which has not been urged upon the appeal, cannot be ignored by this court. The object of the agreement entered into between Mr. and Mrs. Chambers, and in consideration of which she assigned the contract, was to bring about a dissolution of the marriage contract, and to put an end to the various duties and relations resulting therefrom. Any contract having any such purpose, object or tendency cannot be sustained, but must be regarded as being against sound public policy, consequently illegal and void. The marriage relation is one to be encouraged and maintained when formed. Such is the well-settled policy of the law; and its dissolution or determination is not to be left to the caprice of the parties. If dissolved, it must be done in accordance with some positive enactment of law and in due course of judicial proceeding. The good order and well-being of society, as well as the laws of this state, require this. *Sayles v. Sayles*, 21 N. H. 312; *Smith v. Smith*, Wright (Ohio), 643; *Beard v. Beard*, 65 Cal. 354; *Wilde v. Wilde*, 37 Neb. 891.

It is equally well settled that, where the general public is affected by a contract violating the law, the courts will refuse their aid to the parties and leave them as they found them, although the contract has been performed by one party, so that the other has received the benefits thereof without giving anything in return. *Brower v. Fass*, 60 Neb. 590.

It is recommended that the decree of the district court be affirmed.

ALBERT and JACKSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the decree of the district court is

AFFIRMED.