CHARLES ROBERTS, APPELLEE, v. E. P. SWEARINGEN, APPELLANT.

1. **Deed**: DELIVERY. A deed takes effect only from the time of delivery. The possession of a deed by the grantee, in the absence of opposing circumstances, is *prima facie* evidence of delivery, and the burden of proof is on him who disputes this presumption.

2. ———: ———: SPECIFIC PERFORMANCE. R. and S. agreed to exchange certain real estate, the deeds to be executed and placed in the hands of C., to be delivered upon the execution of a mortgage by S. R. commenced a suit against S. for specific performance, and while the action was pending, C., who was R.'s attorney, permitted S. to take the deed without the execution of the mortgage, and R., after obtaining a decree, waived certain rights under the same, having obtained judgments against S. *Held*, That the weight of testimony showed an absolute delivery of the deed to S. ; *held*, also, that the payments being past due, the district court is directed to ascertain the amount due, and render a decree of foreclosure and sale.

3. **Practice**: SETTING ASIDE FINDING OR VERDICT. Where the finding or verdict is clearly wrong, it should be set aside. In no other way can the rights of parties be protected.

APPEAL by defendant from a decree rendered against him in the Polk county district court. The facts are set forth in the opinion.

*Millet & Son,* for appellant.

1.   The petition does not state facts sufficient to constitute a cause of action.   The facts which constitute the alleged fraud must be particularly set forth. *Arnold v. Baker,* 6 Neb., 134.   The petition is also defective in that behalf, because it fails to state that Swearingen made any false and fraudulent representations upon which Roberts, or his attorney, Cooper, *relied,* by which Cooper was induced to part with the possession of said deed, or was misled in any manner whatever.   Maxwell's Nebraska Digest, title, Fraud. *Kent v. Snyder,* 30 Cal., 666.   1 Story's Eq. Juris. (12th ed.), secs. 191 and 197.

2.   The *gravamen* of the issue in this case is the alleged fraud of Swearingen in obtaining possession of the deed on the seventeenth day of March, 1875.

*a.*   The record of the judgment and proceedings from the circuit court in Iowa, in the suit between these same parties, commenced by Roberts on the twenty-third day of October, 1874, long before the alleged fraud in this action took place, is wholly irrelevant to the issue, and incompetent to prove fraud on the part of the appellant.

*b.*   Conceding here, for the sake of argument, that said record may be relevant to the issue, yet it fails to establish the alleged fraud, or squint that way, but on the other hand, rebuts all presumption of fraud, as the two petitions of Roberts, in that record, show that he (appellee) has the lands of Swearingen mentioned in the contract between them, and that said Roberts has fully complied with the terms of the above contract, and has conveyed the lands in question to Swearingen.

*c.*   The whole evidence, documentary and oral, fails to show the alleged fraud, and fraud is never presumed, but must be proven.   1 Story's Eq. Juris., sec. 190.

3. If Roberts had desired to rescind this contract on the ground of fraud, and reclaim this land, he should have returned, or offered to return, to Swearingen all property he had received from him thereunder, which he has utterly failed and refused to do. *Brown v.. Waters*, 7 Neb., 424. *Grant v. Law*, 29 Wis., 99. *Massen v. Bovet*, 1 Denio, 70.

4. The case in Iowa, embracing this entire subject matter, having been begun long before this action, the sixth defense in Swearingen's answer is *res adjudicata*, is a complete bar to Roberts's right to recover herein. *Bigelow v. Winsor*, 1 Gray, 290. Freeman on Judgments (2d edition), secs. 249 and 252.

5. Roberts cannot use that judgment as an estoppel against Swearingen in this suit, because there was no such issue in the Iowa case as the fraud here attempted to be alleged. Freeman on Judgments (2d edition), secs. 252 and 256. *Murphy v. Farwell*, 9. Wis., 109.

*Higgins & Crites*, for appellee.

1. No objection was taken on the trial below to the introduction of evidence under the petition; hence, if it were insufficient, still if the court finds from all the pleadings in the case, or from the evidence, that Roberts has a cause of action, Swearingen's objection cannot here be permitted to prevail. But the petition itself is not defective. The petition states facts merely, from which it fully appears that Cooper *did* rely on Swearingen's statements, *i. e.* that he wanted to show the deed to his attorney for his opinion, and that Cooper let him have it for that purpose and for no other purpose. Swearingen's fraud had its inception after he obtained possession of the deed for this temporary object; and by relation, tainted with fraud, his acts and representations in obtaining it. His fraud consisted in

his *retaining and recording the deed* without the consent of Roberts or Cooper, and without having entitled himself to it by a tender of the mortgage named in the contract. He could only lawfully be in possession of it by a full compliance with the contract, or with the consent of Roberts. Equity often presumes fraud from the circumstances and relations of the parties where none is alleged or proven, and will afford a remedy where none exists at law. *Jackson v. King*, 4 Cowen, 220. 1 Story's Equity Jurisprudence, Sec. 190, 190a.

2. The record offered in evidence conclusively established the fact, notwithstanding Roberts' allegation of his full compliance with the contract and conveyance of the Polk county lands, that he had not then, to-wit, October 11, 1876, fully complied with the contract, by failing to tender to Swearingen a deed of these Polk county lands; and further, that Swearingen had not then executed the mortgage in question. These facts being actually and necessarily in issue in that action, this adjudication and decree as to those facts is conclusive and binding upon both of the parties. Freeman on Judgments, Sec's 248, 249, 256, 257. *Davis v. Talcot*, 12 N. Y., 184.

3. This action is not for a rescission of the contract on the part of Roberts, but to deprive Swearingen of an undue and fraudulently obtained advantage over Roberts, he not being entitled thereto under the contract or otherwise. No right or title of Swearingen is affected which is not derived through the deed in question. *Beeson v. Conly*, 19 Mich., 103. Freeman on Judgments, Sec. 257.

4. All equities existing in favor of either of the parties prior to the date of the Iowa decree are fully merged therein; and the same, being unreversed, constitutes a full adjudication thereof, conclusive on both of said parties; and by necessary implication, as effect-

Roberts v. Swearingen.

ually wipes out the legal existence of the deed in question, as if the same had never been written. 30 Iowa, 432. Freeman on Judgments, Sec. 329. 13 Iowa, 539. The deed in question has never been delivered. *Berry v. Anderson*, 22 Ind., 36. *Everts v. Agnes*, 4 Wis., 343, and notes, and 6 Wis., 453. 30 Wis., 55. 4 O. S., 182, 194. Washburn on Real Prop., 3 Ed., Vol. 3, 262. 13 N. J. Eq., 455. 40 Iowa, 402. 2 Gilman (Ill.), 564 to 566 inclusive. See same as to presumptions, 568. As to ratifying delivery of deed, see 22 Ill., 388. No title passes without performance. *Dyson v. Bradshaw*, 23 Cal., 535.

MAXWELL, CH. J.

On the fourth day of August, 1874, the plaintiff entered into a contract with the defendant to give a bond for a deed to the defendant for the following described real estate, to-wit: The east half of south-east quarter and east half of north-east quarter of section 22, town 16, range 1, in the county of Polk and state of Nebraska, "and the party of the first part (the plaintiff) also agrees to give to the party of the second part a good and sufficient warranty deed to the above described tract of land when the party of the second part shall have fully complied with his undertakings and covenants, hereinafter mentioned, upon his part. The party of the first part also further agrees to relinquish his timber claim on the following described land, viz: north-west quarter of north-east quarter of section 22, town 16, range 1, in the aforesaid county and state, unto the party of the second part. The party of the first part also agrees to let all his household and kitchen furniture, and all nursery stock on said place, and four head of cattle, and one lumber wagon, and all farming utensils on said place go with said place to the party of

the second part as part of the consideration to be received for it from the second party as hereinafter mentioned and without additional charge or expense to him. The party of the second part upon his part agrees to receive said place on the terms as above set forth, and to make payments as follows in full consideration for the same, to-wit: Warranty deed to lots four, five, and six in block six, in Red Oak Junction, Iowa; warranty deed to north half of south-west quarter section 24, town 75, range 34, in Cass county, Iowa; warranty deed to north end of east half northwest quarter of section 9, town 63, containing thirty acres in Clark county, Mo.; warranty deed to northeast quarter of north-west quarter of section 24, town 72, range 39, in Montgomery county, Iowa, all which deeds, except the last one, to be made at this date and deposited with J. C. Cooper, of Red Oak, until they are to be delivered, in compliance with the terms of his agreement, but the last deed not to be made until the first day of January, 1875, but the possession of all property to be delivered at the same time. The party of the second part also agrees to make the following additional payments, $300 June 1st, 1875, $600 Dec. 1st, 1875, $566 Dec. 1st, 1876, $566 Dec. 1st, 1877, $568 Dec. 1st, 1878, and with ten per cent interest payable annually. He also agrees to secure the payment of the aforesaid several sums by mortgage on the land sold to him by the party of the first part. It is agreed and understood that the party of the first part is to execute the deed aforesaid at the time the party of the second part is to execute the aforesaid mortgage to secure the payments of the said notes. The party of the first part agrees to give possession of the said place by the fifteenth of Sept., 1874, or sooner if desired, and so soon as possession is given, all papers except this are to be delivered."

Roberts v. Swearingen.

The plaintiff executed a deed for the lands in Polk county, and delivered the same to one Cooper, to be delivered to the defendant upon the performance of the conditions of the contract, and the defendant executed deeds to the plaintiff conveying all the lands and lots he had contracted to convey to plaintiff, except the tract of land in Montgomery county, Iowa. In March, 1875, the defendant obtained possession of the deed in question from Cooper without executing a conveyance of the lands in Montgomery county, or a mortgage on the lands in Polk county, in this state, as required by the contract, and soon thereafter filed the deed for record in the office of the recorder of deeds of Polk county.

In May, 1876, the plaintiff filed a petition in the district court of Polk county, praying: " That the said deed may be delivered up and canceled, and held for nought," and for general relief. The petition alleges that said deed now appears of record in the office of the register of deeds of said county: "And the said defendant hath ever since failed and refused to execute said deed to said plaintiff hereinbefore referred to, and hath ever since failed and refused to execute and deliver said mortgage to this plaintiff, though requested so to do, and hath wholly failed and refused to keep and perform the agreements by him to be kept and performed."

On the trial of the case in the court below, a decree was rendered canceling and setting aside the deed in question. The defendant appeals to this court.

It appears from the bill of exceptions that the plaintiff, to maintain the issues on his part, introduced in evidence the pleadings and a decree in a cause between the same parties upon this contract in the circuit court of Montgomery county, Iowa. Two actions were instituted by the plaintiff against the defendant in that

court, the first on the twenty-third day of October, 1874, and the second on the twentieth day of January, 1875. Both actions were founded upon this contract, and upon motion were consolidated, and the cause tried and judgment rendered on the eleventh day of October, 1876. In that case the court finds: "That plaintiff has failed to tender to defendant a deed for the Polk county, Nebraska, lands as hereinbefore described," and on that ground the costs of the action were taxed against the plaintiff. The court also finds the equities of the case, except as to tender of the deed, with the plaintiff, and rendered a decree that the defendant shall execute a good and sufficient warranty deed to the plaintiff, conveying the north-east quarter of section 24, town 72 north, of range 39 west of the fifth principal meridian in Montgomery county, Iowa; and in case of his failure to do so, the clerk of the court should execute and deliver such deed. The court also directed the defendant to execute a mortgage to the plaintiff upon the lands in Polk county, Nebraska, to secure the payment of the sum of $300.00, due June 1, 1875; $600.00 due December 1, 1875; $566.00 due December 1, 1876; $566.00 due December 1, 1877; and $568.00 due December 1, 1878; with interest payable annually at ten per cent, upon the delivery of the mortgage to the clerk of the court, the plaintiff to execute and deliver to the defendant a good and sufficient warranty deed for the lands in Polk county.

On the tenth day of February, 1877, the plaintiff filed in the office of the clerk of the circuit court of Montgomery county a waiver of a part of the decree as follows: * * " To-wit.: $300.00 June 1, 1875; $600.00 December 1, 1875; and the interest due on said payments, on all interest on said payments mentioned in said decree up to August 4, 1875, for the reason that plaintiff has obtained judgments against the defendant

Roberts v. Swearingen.

for all sums of interest due to August 4, 1875, and the said June and December payments as well," etc.

That a deed takes effect only from the time of its delivery is too well settled to need the citation of authorities; but delivery may be proved by a variety of circumstances; and the possession of the deed by the grantee, in the absence of opposing circumstances, is *prima facie* evidence of delivery, and throws the burden of proof on him who disputes this presumption. How stand the facts in this case? The defendant testifies that the deed was delivered to him without qualification or condition. The petition alleges that the defendant has failed and refused to execute the mortgage to the plaintiff although *requested to do so.* By the waiver filed by the plaintiff in the circuit court of Montgomery county, Iowa, it appears that prior to the tenth day of February, 1877, the plaintiff had recovered judgments against the defendant for about one-half of the sums claimed to be due, and that therefore he waived including the sums in the mortgage. It is also shown that at the time Cooper delivered the deed in question to the defendant, the plaintiff had two actions pending against the defendant for the specific performance of the contract in question, and that Cooper was the plaintiff's attorney. It is evident that the delivery of the deed would materially strengthen his case. It is also shown that the plaintiff obtained a decree for the conveyance to him of the land in Montgomery county, Iowa.

In *Porter v. Case*, 4 Greenleaf 20, it was held that bringing an action to recover the purchase-money was evidence of the delivery of the deed. That, certainly, is a material circumstance in this case, and, taken in connection with the other testimony, shows that the intention was to deliver the deed to the defendant.

To offset this testimony we have the testimony of

Mr. Cooper, that he let the defendant have the deed simply for the purpose of submitting it to his attorney. This, under the circumstances, is not sufficient. The question of the delivery by Cooper was not in issue in the circuit court in Iowa. It is true the contract set out in the petition contemplates the execution and delivery of the deed at the time of the execution of the mortgage—the acts to be simultaneous; yet the plaintiff could waive that provision—as indeed he has done —to the extent that certain payments need not be included in the mortgage. There is no allegation or claim either in the pleadings or proof that the defendant is insolvent; but we are left to infer from the recovery of the judgments that he is amply able to satisfy all demands against him. The finding of the court, therefore, as to the non-delivery of the deed, is against the clear weight of evidence, and must be set aside.

The plaintiff contends that the findings of fact will not be disturbed where there is any evidence to sustain them. The rule is well settled in this court that the findings of a court, when substituted for a jury, are entitled to the same weight as the verdict of the latter, and a mere difference of opinion between the court and jury will not warrant the court in setting the verdict aside. But where the verdict or finding is clearly wrong it should be set aside. In no other way can the rights of parties be protected. And such has been the uniform holding in this court, from our organization as a state.

As to the decree of the circuit court of Montgomery county, Iowa, while it could not operate directly upon lands beyond the limits of that state, it fixed the relative rights of the parties under the contract, and the defendant having a deed for the land in controversy, the plaintiff is entitled to a mortgage upon the same for the amount remaining due and unpaid; and as it

appears from the record that the payments are all past due, the judgment is reversed, and the cause is remanded to the district court, with directions to ascertain the amount remaining due and unpaid, and render a decree directing the land, as in proceedings in foreclosure, to be sold to satisfy the same.

DECREE ACCORDINGLY.