ANNIE E. AMSPOKER, APPELLEE, v. SAMUEL D. AMSPOKER, APPELLANT.

FILED DECEMBER 3, 1915.    No. 18460.

Husband and Wife: SEPARATION: AGREEMENT AS TO PROPERTY RIGHTS: ENFORCEMENT. Where a husband and his wife are permanently separated, and the latter has legal grounds for a divorce, they may agree upon a settlement of their property rights, and provide by contract for the support and maintenance of the wife, and if the provisions are fair and reasonable the agreement may be enforced by the courts.

Appeal from the district court for Lancaster county: Albert J. Cornish, Judge. *Affirmed as modified.*

*H. N. Mattley* and *W. T. Stevens,* for appellant.

*L. C. Burr* and *R. J. Greene, contra.*

Rose, J.

Plaintiff, who was formerly the wife of defendant, brought this action against him to recover $2,800 on a contract recognizing an existing separation and providing for the adjustment of their property rights. In a former suit, instituted by her after the execution of the contract, she procured a divorce without alimony. The husband, according to the terms of the contract mentioned, agreed to transfer to his wife a house and lot in Lincoln, the household property in her possession, and two shares of stock in a building and loan association. He permitted her to retain a similar share of stock standing in her own name. He promised to pay her existing doctor and hospital bills, and the costs of a suit by her for a divorce and an attorney's fee of $50 for prosecuting it. In addition, he agreed to pay her for support and maintenance $3,000 in monthly installments of $50 each. The wife, on her part, agreed to convey to her husband her interest in a lot in Lincoln, Nebraska, and in a lot in Pecos, Texas. She also agreed, upon her husband's performance of all the terms of his agreement, not to demand alimony in any action against him for a divorce. Defendant admitted the execution and delivery of the contract, but pleaded that it was procured by duress, that its terms were unconscionable, and that it was void as being contrary to public policy. Upon a trial of the issues, the district court rendered a judgment in favor of plaintiff for the unpaid installments and interest, computed to be $3,246.50. Defendant appealed.

Plaintiff performed the contract on her part. Defendant complied with his agreements, except that he refused to pay the monthly installments after having paid them

for eight months. The defense of duress was not proved. The evidence does not justify a finding that the burdens assumed by defendant were unconscionable. The appeal, therefore, presents these questions: Is the contract void as collusive? Is it void as facilitating a divorce in violation of public policy?

On the part of plaintiff there was no occasion for collusion. The evidence shows beyond question that the parties were not living together as man and wife when the contract was executed, that plaintiff then had more than one legal ground for a divorce, that she was entitled to reasonable alimony, that marital relations were never resumed, and that a divorce was promptly granted to her. Under such circumstances the law in the states of this country, with one or two exceptions, is that reasonable agreements confined to the adjustment of property rights are binding on the parties and may be enforced by the courts. Cases announcing this rule and giving the reasons on which it rests are collected in a note, in 12 L. R. A. n. s. 848, to *Hill v. Hill*, 74 N. H. 288.

It is argued, nevertheless, that the contract, in requiring defendant to pay the costs of a divorce suit and an attorney's fee for prosecuting it, indicates collusion and an unlawful purpose to facilitate the procuring of a divorce. This position is untenable for the following reasons: Plaintiff's right to a divorce on legal grounds was free from doubt. Her right to reasonable alimony was equally clear. A court, upon a proper showing, would have required defendant to pay the costs of a divorce suit and the fee of an attorney for prosecuting it. In mutually settling property rights during a permanent separation, defendant lawfully assumed such burdens. The contract did not require plaintiff to commence a suit for a divorce, and, if brought, defendant was left free to make a defense. The circumstances surrounding the transactions and the language used in the written instrument do not require a construction which would invalidate the contract. It fol-

lows that the trial court did not err in refusing to cancel it on these grounds.

Defendant further argues that collusion and an unlawful purpose to facilitate the procuring of a divorce are shown by the evidence. This contention is based largely on testimony of the attorney who drew the contract. It may be inferred from what he said about his recollection of the circumstances that a divorce was contemplated, and that he did not deliver the contract or the conveyances until after the decree of divorce had been entered. The parties did not meet and agree on all of the terms. Plaintiff had furnished to and had left with an attorney, who acted for both, data indicating the provisions to which she was willing to subscribe. Later each of the parties went to the office of the attorney at a different time and signed the instrument prepared by him. When all of the evidence is considered, any inference of collusion or of an illegal purpose to facilitate the granting of a divorce should be attributed to defendant. Such a purpose was not a part of the mutual understanding of the parties. In this view of the record, the contract does not violate the doctrine invoked by defendant and announced in *Wilde v. Wilde,* 37 Neb. 891, and *Davis v. Hinman,* 73 Neb. 850.

The judgment, however, is excessive. Defendant seems to concede that the amount due plaintiff under the contract, if valid, was $2,698.58, when the judgment was rendered. It is clear that plaintiff is not entitled to a greater recovery. The judgment will therefore be reduced to that sum, and, as thus modified, will be affirmed at the costs of defendant.

AFFIRMED AS MODIFIED.

LETTON, J., not sitting.