JOHN J. FLANNERY, APPELLEE, v. MICHAEL FLANNERY, APPELLANT.

FILED MARCH 18, 1916. No. 18640.

1. **Deeds:** DELIVERY: INTENT: PROOF. The intention to deliver a deed must be shown by acts or words, or by both combined.

2. ———: ———: ———: DETERMINATION. "Delivery of a written instrument like a deed is largely a question of intent to be determined by the facts and circumstances of the case." *Brown v. Westerfield,* 47 Neb. 399.

APPEAL from the district court for Holt county: R. R. DICKSON, JUDGE. *Reversed and dismissed.*

*A. P. Lillis* and *E. H. Whelan,* for appellant.

*J. A. Donohoe, contra.*

ROSE, J.

The action is ejectment for the northeast quarter of section 18, township 30, range 15 west, Holt county. The parties are brothers. Plaintiff relies on a deed executed by his father and mother August 17, 1909. Defendant.

pleaded that the deed was never delivered; that his father, John J. Flannery, died intestate September 29, 1909; that his mother died intestate September 19, 1910; that defendant was appointed administrator of his father's estate June 1, 1912, and that he is in possession of the premises as heir and administrator. The reply, in substance, contains the plea that the father and mother, August 17, 1909, for the purpose of dividing their real estate, executed and delivered three deeds, one to plaintiff for the land in controversy, one to defendant for a different quarter and the other to Thomas Flannery, another son, for an 80-acre tract; that, September 21, 1910, at a meeting of the heirs, consisting of the three sons and three daughters, plaintiff, to equalize the division so made, paid defendant $2,000; that the latter retained the money thus paid with the understanding that the transaction should constitute a settlement binding on all of the heirs; that defendant is estopped from disputing plaintiff's title. The issues were tried without a jury. From a judgment in favor of plaintiff, defendant has appealed.

The first question presented is the delivery of the deed under which plaintiff claims title. The grantors, John J. Flannery and wife, occupied the premises as a homestead. They had three sons and four daughters. One of the daughters died November 7, 1908. Thereafter the father talked about giving the sons land and the girls money. August 17, 1909, he and his wife went to Stuart, where he consulted an attorney, who drew the three deeds described in the reply. All were executed and acknowledged by both grantors. In the evening, after they returned, while plaintiff and defendant were in the kitchen, their father took the deeds from a pocket in his coat, and laid them on the table, saying, according to plaintiff, "Here are those deeds," and, according to defendant, "Those are the deeds." Each picked up a deed, read the one in which he was named as grantee and replaced it on the table. The father told defendant to put the deeds in the former's tin box where he kept his papers. Defendant did as directed. Both

before and after the deeds were executed the box was kept in the bedroom occupied by the father. They remained there, unrecorded, until after his death. They were warranty deeds; no life estate for the father or the mother being reserved. The day following their execution, the father said he did not want them recorded until after his death. He expressed a purpose to change them. He had said he intended to retain and to control his real estate as long as he lived. The children all understood that. They also understood that their mother would have the same right, if she survived their father. After the alleged delivery upon which plaintiff relies, the father managed the land and received the proceeds thereof until his death. The mother survived, and defendant managed the farm for her. The son Thomas was in Canada August 17, 1909, the date of the delivery pleaded by plaintiff. The facts and conclusions thus narrated are established by uncontradicted evidence. Did plaintiff acquire title August 17, 1909, by a delivery of the deed in which he was named as grantee? Did his father by a valid delivery lose control of the warranty deed and thus divest himself of all interest in his homestead, according to the terms of his warranty, without reserving a means of livelihood?

Delivery is essential to the validity of a deed. The intention to deliver a deed must be shown by acts or words, or by both combined. *Brittain v. Work,* 13 Neb. 347. The rule in this state is: "Delivery of a written instrument like a deed is largely a question of intent to be determined by the facts and circumstances of the case." *Brown v. Westerfield,* 47 Neb. 399.

In the present case the intention essential to a delivery is not shown. The father retained possession of the deed. He said it should not be recorded until after his death. There was no change in possession, control, use, or benefits. The father continued to exercise rights at variance with a transfer of the fee. His acts and expressed purposes, both before and after the execution of the deed, are inconsistent with an intention to deliver it. There was

no manual delivery or an expressed intention to make one. The facts and circumstances proved do not warrant a finding that the father intended to deliver the deed to plaintiff when he laid it on the table. Proof of a subsequent delivery is not shown. On the contrary, the undisputed evidence shows conclusively that the deed was never delivered.

It is contended, further, that defendant is estopped to deny plaintiff's title and right of possession. This plea is based on an alleged settlement under which plaintiff paid and defendant retained $2,000. Since the deed on which plaintiff relies was never delivered, he has no legal title and cannot maintain ejectment. Each party's interest in the land is that of an heir, plaintiff being entitled to credit for the amount contributed by him to the improvement of his father's estate upon discharging and satisfying any apparent incumbrance created by him.

The judgment of the district court is therefore reversed and the action dismissed.

REVERSED AND DISMISSED.

FAWCETT, J., not sitting.