JOHN HUENINK ET AL., APPELLEES, v. WILLIAM HEIT-
BRINK ET AL., APPELLANTS.

FILED APRIL 30, 1920.    No. 21156.

Gifts: DELIVERY. "An instrument is not delivered until it has passed
   beyond the dominion, control and authority of the maker, and is
   no longer capable of being recalled." *Paxton v. State*, 59 Neb. 460.

APPEAL from the district court for Lancaster county:
FREDERICK E. SHEPHERD, JUDGE. *Affirmed*.

*G. E. Hager* and *R. O. Williams*, for appellants.

*Tyrrell & Westover* and *J. H. Walker, contra*.

DEAN, J.

The plaintiffs are children and heirs of John H.
Huenink, who died intestate on April 20, 1912. They
began this action on April 26, 1919, as his heirs, to
quiet title in 80 acres of land of which, with other land,
he died seised. The defendants, who are also children
and heirs, claim ownership under a purported deed of
conveyance to Minnie Heitbrink, a married daughter,
that was jointly executed and acknowledged on August
17, 1909, by her parents. Plaintiffs obtained judgment,
and defendants appealed.

Other conveyances are referred to in the record, but
this case has to do only with the Minnie Heitbrink deed.
All of the parties directly interested are children,
grandchildren, or great-grandchildren of the elder
Hueninks. These in brief are the main facts. About
a week before his death, father Huenink, being ill and
bedfast, called his children to his side. Only three were
living. Gerritt Heitbrink, who is a son-in-law, was
present. He is the husband of Minnie Huenink Heit-
brink, who is a party defendant. He testified that be-
sides himself there were present at the father's bed-
side his wife, Minnie, the sons, Herman and John Huen-

ink, and their mother; that the husband said he had divided his half section of land among his three children, Minnie, Herman and John, with conditions named in the respective deeds which provided, among other things, for the payment of certain sums of money by them to grandchildren and great-grandchildren. Continuing he testified: "Q. Where was Mr. J. H. Huenink at that time? A. He was lying on the lounge sick. He wasn't felling well. Q. How long had he been sick, if you know? A. Oh, I don't know; two or three weeks; I couldn't exactly say. He was just up and around part of the time. He was sick, and part of the time he wasn't. * * * He said he was about ready to die, and 'I gave my woman all the money, signed off the certificates of deposit, and I have got the deeds laying there for all you children.' And then he told me just like he told me in the fall before. * * * 'I give Minnie eighty and Herman'—well, he gave Minnie that eighty, 'but she has to give the Kroon children a thousand dollars.' * * * And then 'John and Herman have to give the Meinen boy a thousand dollars,' and John was to give the Huenink boys $700—there was seven of them—and he made it that way so as to give each an even hundred dollars, and 'The deeds are laying there, Mamma, I got them there for you, she will give them to you,' and then he said, 'I am all ready to die.' He said, 'I have given everything away, I don't own a thing in the world any more.' Q. Now, what, if any, questions did he ask those children? A. Why, he said, 'Are you all satisfied?' and they all said, 'Yes,' Minnie said, 'Yes,' Herman said, 'Yes.' Well, he said, 'John, I didn't hear you. Are you satisfied?' he said, and John said, 'Yes,' then. Well, he said, 'They are laying there, Mamma will hand them to you. Mamma will give them to the children.' And then is when he said—Q. Who did he say that to, 'Mamma will give those to the children?' A. To Mamma. Q. He said that to his wife? A. Yes, sir. Q. State what, if any-

thing, he said as to where the deeds were. A. He said, 'Mamma, she is taking care of them. Mamma, you know where they are.' ''

Mrs. Heitbrink testified: ''Q. Now, you may tell what your father said to your mother—not what he said to you—well, just what he said to your mother first. A. Well, he said, 'Mother, I have the deeds there in the drawer, and you hand them to the children.' '' Respecting the time when she first saw the deed Mrs. Heitbrink said: ''Well, I seen it that morning, but I didn't read it, and we took it into the record office, but I didn't read it. Q. Now, when was that with reference to the time your father died? A. About a week after, or ten days, I just couldn't say. Q. About a week after? A. Yes, sir.'' On this point Heitbrink testified that he did not see the deed until the day it was recorded; that he and his wife and Herman and John Huenink came with Mrs. Huenink, Sr., to Lincoln; that the old lady had said, ''We will go up to Lincoln and put the deeds on record;'' that she delivered them to the register of deeds and paid the filing fee.

Defendants present only two questions: ''First, was there a sufficient delivery of the deed? Second, is the deed a sufficient instrument to convey title?'' In their brief they concede that, if the trial court did not err in finding ''that the deed was not delivered during the lifetime of the grantor,'' such finding was ''sufficient to dispose of the case in favor of appellees without passing upon the other question.''

An extended discussion of the facts does not seem to be necessary. From the evidence of Mr. Heitbrink and his wife, we conclude that the deed was in the possession and under the control of her father so long as he lived. Mr. Heitbrink testified that he was ''up and around part of the time. He was sick, and part of the time he wasn't.'' It seems to us that under the circumstances he would himself have delivered the deed if such had been his intention. It is to be noted, too, that

the deed contains this, among other recitals of a like nature: "Provided that the title to this land shall remain in J. H. Huenink and Everdiena Huenink as long as either of them shall live." This seems to be the language of a devise, rather than that of a present conveyance, and, when considered with the evidence of defendants, seems to show that the grantor did not intend to vest the fee simple title in his daughter.

We have held generally: "An instrument is not delivered until it has passed beyond the dominion, control and authority of the maker, and is no longer capable of being recalled." *Paxton v. State,* 59 Neb. 460. We do not find it necessary and do not decide the question as to whether the deed in this case is "a sufficient instrument to convey title." We deem it sufficient to base our decision on the fact that the record fails to show an intention on the part of the grantor to deliver the deed or that it was delivered. *Flannery v. Flannery,* 99 Neb. 557.

The judgment is

AFFIRMED.

MORRISSEY, C. J., and FLANSBURG, J., not sitting.