IN RE ESTATE OF EDITH LAUDERBACK.
REUBEN LAUDERBACK, APPELLANT, V. SMITH LOBDELL, AP-
PELLEE.

FILED JULY 7, 1921.   No. 21672.

1. Appeal: QUESTIONS OF FACT: REVIEW. In the absence of a bill of exceptions preserving the evidence, this court will presume that the district court correctly determined every issue of fact presented by the pleadings.

2. Husband and Wife: POSTNUPTIAL CONTRACT. Where husband and wife, because of the misconduct of one of them justifying a legal separation, find it impossible to dwell together in harmony and unity, and enter into a contract for the settlement of all their property rights, and each relinquishes all rights in the property of the other and to inherit from the other, and providing for immediate separation, such contract, if fair and equitable, will be enforced by the court with respect to property rights.

3. ———: ———: BAR OF RIGHT TO INHERIT. A valid postnuptial contract between husband and wife, which provides that each relinquishes all rights to the property of the other and releases and waives all right of each to inherit from the other, if observed by both until the death of one of them, will debar the survivor from receiving from the estate of the other the articles of personal property and allowance which the statute provides for the surviving spouse.

APPEAL from the district court for Dawson county: HANSON M. GRIMES, JUDGE. *Affirmed.*

*Cook & Cook,* for appellant.

*W. A. Stewart* and *D. H. Moulds, contra.*

Heard before LETTON, ALDRICH, DAY and DEAN, JJ., GOOD and RAPER, District Judges.

GOOD, District Judge.

This action was begun by the appellant, Reuben Lauderback, widower of Edith Lauderback, to determine the validity of a postnuptial contract between him and his late wife, and to have set over to him the specific articles of personalty and allowances which the statute awards

from the estate of a deceased spouse to the surviving spouse. His application was resisted by the appellee, Smith Lobdell, father and heir at law of the deceased wife. Appellant was defeated both in the county and district courts, and has appealed to this court.

The parts of the contract that are material to the determination of this case are: "That the parties hereto are man and wife. That disagreements have arisen between them and they each have decided their future welfare and happiness will be better conserved if they live separate and apart and maintain each himself and herself. In order to make a fair, equitable and agreebale division of their property, both real and personal, the said Reuben Lauderback is to pay to said Edith Lauderback, his wife, the sum of $4,000. * * * Said Edith Lauderback to have all household goods, groceries, dishes, flour and other household utensils and supplies now in the home of the parties hereto. * * * Said Edith Lauderback being ill and under the doctor's care, and having removed from where the parties hereto have resided to the home of her sister, Mrs. James Beans, all of said property is to be removed from said premises herein described at her convenience and under her directions and at such times as she wishes to remove the same. * * * In consideration of the foregoing the parties hereto agree that from now henceforth and for evermore they will live separate and apart from the other, keep and maintain each themselves, make no claim or demand upon each other on account of the marriage relation and each hereby waives, *released* and quitclaims each to the other all right of inheritance and agree to claim nothing from the property each may now have or hereafter acquire, purchase or own in the future. And if either of the parties in the future apply for absolute divorce that this contract and this settlement shall be considered as full payment and settlement of all alimony, court costs or attorney fees that either might ask from the other in a divorce suit." The contract was signed and duly acknowledged.

1.   Appellant asserts that the contract is invalid because there existed no sufficient grounds to entitle either to a divorce.   This is a question of fact that was put in issue by the pleadings, and the evidence upon this question is not preserved in the bill of exceptions.   This question cannot, therefore, be inquired into in this court, for it will be presumed, in the absence of a bill of exceptions, that there was sufficient evidence presented to sustain the findings of the trial court in that respect.   *Cady Lumber Co. v. Reed*, 90 Neb. 293.

2.   Appellant further contends that the contract is invalid because it was made before the parties had separated and in contemplation of a future separation of husband and wife.   Whether the parties had actually separated before making the contract is a question that is not clear from the record.   The contract recites: "Edith Lauderback being ill and under the doctor's care, and having removed from where the parties hereto have resided to the home of her sister, Mrs. James Beans, all of said property is to be removed," etc.   If the recital in the contract is true, then the parties had separated prior to the entering into the contract.   The answer of appellee contains the following averment: "That immediately upon the execution of said contract, said Reuben Lauderback and his said wife, Edith, separated and lived separate and apart during the remainder of the lifetime of the wife."   This averment would indicate that the separation occurred immediately upon and coincidentally with the making of the contract.   Whether the actual separation occurred prior to the making of the contract or immediately upon its execution is, in our view, unimportant.   It is difficult to perceive any good reason for holding that such a contract may be valid if entered into after the separation, and that it would be invalid if made at the time of separation.   If sufficient grounds for separation existed and the husband and wife found it impossible to live together in harmony and unity, there seems to be no substantial reason for holding that if they first separated they might

enter into a contract settling their property rights and providing for living apart, and that they could not make such contract to be followed by an immediate separation.

Elliott, in his work on Contracts, vol. 1, sec. 414, says: "It is obvious that, notwithstanding the husband and wife are given the power to contract with each other they cannot enter into an agreement which contravenes the public policy of the state where it is executed. Thus contracts between husband and wife looking to a future separation or to assist in the procurement of a divorce are invalid. However, when the parties at the time of or after the separation enter into a separation agreement fair as to all parties, it is, with a few exceptions, held valid and enforceable, so far as property rights therein contracted for are concerned."

Judge Field, in the case of *Wells v. Stout*, 9 Cal. 479, 494, says: "From these authorities, and others to the same effect might be cited, it is clear that, by the settled law in the United States, such agreements are not invalid, because against sound principles of policy, and are upheld and enforced, * * * if followed by immediate separation, or if separation has previously taken place."

In *Edleson v. Edleson*, 179 Ky. 300, it is said: "It has, however, long since been thoroughly established, as an equitable doctrine, that a contract between husband and wife made in contemplation of the continuance of a previous separation, or in contemplation of immediate separation, where disagreements have arisen between them, and the contract has for its purpose an adjustment of their respective property rights, and the making of a provision for the support of the wife, will be enforced, in equity, if fairly made and just."

In *Randall v. Randall*, 37 Mich. 563, Judge Cooley says: "When a separation has actually taken place, or when it has been fully decided upon, and the articles contemplate a suitable provision for the wife and children, or an equitable and suitable division of the property, the benefits of which both have enjoyed during the coverture, no

principle of public policy is disturbed by them; on the contrary, if they are fair and equal, and are not the result of fraud or coercion, reasons abundant may be found for supporting them, in their tendency to put an end to controversies, to prevent litigation, and to give to the wife an independence in respect to her support, which without some such arrangement she could not have under the circumstances."

Many other cases holding to the same effect might be cited from other jurisdictions, but the position that where husband and wife find it impossible to dwell together in harmony, because of the misconduct of one which would warrant a legal separation, decide to enter into a contract adjusting all the property rights, and each relinquish any rights in the property of the other, and providing for the immediate separation of the parties, is valid and will be enforced, is supported by the great weight of modern authorities, and is in consonance with reason and justice. There is nothing in the record in this case to indicate that the contract of settlement and for separation was unfair or inequitable, the parties having freely entered into the same and lived up to it until the death of one of the parties, there appears to be no good reason for not enforcing the same.

3. Appellant insists that, regardless of the contract, he was entitled to the specific articles of personal property and the allowance provided by statute for the surviving spouse. We think the contract of the parties was intended to absolutely and completely settle all the property rights of the parties, and that each should relinquish any right to an inheritance of the property of the other. We can see no good reason why appellant should be allowed the statutory allowance, any more than he would be entitled to inherit generally from his wife. By his contract he waived and terminated any right to any inheritance or to any part of the property of his wife. We hold that, the parties having made and carried out a contract for the complete settlement of all their property

rights, the husband was by such contract debarred from any part of the estate of his deceased wife, and that he was not entitled to the statutory allowance out of the estate of his deceased wife.

The judgment of the district court is

AFFIRMED.