JOSEPH LADMAN ET AL., APPELLEES, V. EMIL LADMAN ET AL., APPELLANTS: JAN LADMAN ET AL., APPELLEES.

FILED MAY 8, 1936. No. 29668.

*Guy A. Hamilton* and *Edward J. Steinacher*, for appellants.

*Waring & Waring* and *Sloans, Keenan & Corbitt, contra.*

Heard before GOSS, C. J., GOOD, EBERLY, DAY, PAINE and CARTER, JJ., and YEAGER, District Judge.

DAY, J.

The district court decreed the partition of certain real estate in a suit in which the five children and the surviving spouse of Barbara Ladman were parties. The real estate was formerly owned by Barbara Ladman. Two daughters and one son opposed the partition of the property decreed by the trial court and prosecute this appeal.

The petition of the plaintiff, a son, alleges that Barbara Ladman died intestate, and that the five children and the surviving husband are the heirs at law, and as such the owners of the property. The defendants opposed to the partition on this basis are two daughters and one son. They allege that Barbara Ladman executed a will. This question has been heretofore settled adversely to the appellants by this court. Barbara Ladman died intestate. *In re Estate of Ladman,* 128 Neb. 483, 259 N. W. 50.

The appellants also allege that by virtue of a separation agreement John Ladman, the surviving spouse, and the son Joseph, who is plaintiff here, had been barred and estopped from claiming any right, title and interest in the real estate. The separation agreement relied upon was between John Ladman and Barbara Ladman, his wife, and is alleged to have been made in 1895. An examination of the evidence reveals that it does not establish that the agreement was made. No such agreement was ever executed, and, if

it was made, it was oral. The plaintiff here was alleged to have been a party to the separation agreement between his mother and father, and as a result to have been deeded some land. A contract between a husband and wife, where a legal separation is justified, in which they settle their property rights and each relinquishes all rights including inheritance in the property of the other, will be enforced if fair and equitable. *In re Estate of Lauderback,* 106 Neb. 461, 184 N. W. 128; *Hiett v. Hiett,* 74 Neb. 96, 103 N. W. 1051; *Amspoker v. Amspoker,* 99 Neb. 122, 155 N. W. 602. Since the evidence fails to establish that such an agreement was made between the parties or the terms thereof, it is unnecessary to speculate about the effect of such an agreement upon the issues in this case.

The amended answer of the appellants here alleged that on December 1, 1932, Barbara Ladman executed a warranty deed conveying the real estate to her five children. The plaintiff denies the execution and delivery of such a deed. It is necessary to determine the validity and effect of this deed. The appellants ground their argument upon a statement in the opinion filed in *In re Estate of Ladman,* 128 Neb. 483, 259 N. W. 50. The issue in that case was the revocation of a will. It was said by way of argument that Barbara Ladman's intention to revoke her will was evidenceu by the fact that she had made another disposition of her property. As already indicated in *Ladman v. Farmers & Merchants Bank, ante,* p. 460, 265 N. W. 252, it would have been more accurate to state that her intention was shown by an attempt to make another disposition of her property. Persistence of counsel seems to require that we again take note of this language, although it was neither vital to the decision in which it was used, nor binding as an adjudication of any issue here. The argument of appellants that it adjudicates the question of fact relative to the conveyance by deed of the real estate here involved is unsound and untenable.

The original pleadings of two of the three appellants alleged that Barbara Ladman died seised of this property.

The claim that the property had been conveyed to the five children was made for the first time in an amended answer filed after the opinion in *In re Estate of Ladman,* 128 Neb. 483, 259 N. W. 50, had been filed. The deed was executed and delivered to Charles Smrha, which conveyed this real estate to her five children, reserving a life interest. This deed was executed in connection with a proposed plan for the disposition of her property. The deed was given to Mr. Smrha for the purpose of making the disposition. But it never was delivered to the grantees. It is an old, established rule in this state that: "A deed takes effect only from the time of delivery. The possession of a deed by the grantee, in the absence of opposing circumstances, is *prima facie* evidence of delivery, and the burden of proof is on him who disputes this presumption." *Roberts v. Swearingen,* 8 Neb. 363, 1 N. W. 305. Delivery is essential to the validity and operation of a deed. *Roepke v. Nutzmann,* 95 Neb. 589, 146 N. W. 939; *Brown v. Westerfield,* 47 Neb. 399, 66 N. W. 439. No particular ceremony is necessary to constitute a delivery of a deed. Any words or acts showing intention of grantor to deliver and grantee to accept are sufficient. *Flannery v. Flannery,* 99 Neb. 557, 156 N. W. 1065. In *Roberts v. Swearingen, supra,* it was held in substance that the possession of a deed by the grantee is *prima facie* evidence of delivery, which may be rebutted, but the burden of proof is upon him who denies this presumption. But the deed which concerns us here was never delivered to the grantees. And the rule is different where there is delivery to a third party, and the facts and circumstances surrounding the delivery indicate that there was no present intention of passing title. *Trask v. Trask,* 90 Ia. 318, 57 N. W. 841, states the rule as follows: "A delivery to a third person does not authorize a presumption that it is done with the intention of passing the title. The facts and circumstances attending the transaction must be such as to show that the grantor intended that the deed should be delivered by the custodian to the grantee."

The rule has been stated in different terms as follows:

"Where a deed is given to a third person to hold until the performance of some act by the grantee or the happening of some contingency, it does not operate as a delivery to the grantee, and a delivery by the depositary contrary to the directions of the grantor will not pass the title." 18 C. J. 206.

This deed was delivered to Smrha, a third party, for delivery to the grantees when John Ladman executed and delivered to Smrha a deed for the land. John Ladman refused to execute such a deed. There is a deed in the record executed by John Ladman, but it relates to an attempted settlement of the Ladman estate and has no connection with the deed of Barbara Ladman.

Finally, the appellants complain of the action of the trial court in denying their motion to continue the trial until the cases heretofore mentioned were disposed of, and until the final claim day in the estate. The rule, venerable with age, is stated in *Alexander v. Alexander,* 26 Neb. 68, 41 N. W. 1065, as follows: "An heir or devisee of an estate cannot maintain an action for distribution or partition until the debts, allowances, and expenses against said estate have been paid or provided for, unless he give a bond with approved sureties to pay the same."

The record reveals that at the time of trial there was more than $8,000 in the possession of the administrator, and that the deceased had no substantial debts. The plaintiff offered to furnish a bond, but the trial court held that a bond was unnecessary. This case is similar to *Schick v. Whitcomb,* 68 Neb. 784, 94 N. W. 1023, in which the court construed section 30-1304, Comp. St. 1929. In the *Schick* case there was $11,000 in the hands of the executor, and in this the administrator has $8,000. In that case, there was one claim of $70 allowed and unpaid. In this case, the claims including expense of administration are only a small part of the amount of cash reserved. The only distinction is that the time for filing claims had passed in the *Schick* case, and here it had not.

The appellants who complain are estopped, since they

asked either for partition or a decree quieting the title to this property. They invoked the powers of the court and cannot complain. There was no good reason why this case should wait until the other cases were disposed of by this court. It is not apparent that the appellants have been prejudiced by the refusal of the trial court to continue this case until a final disposition was made of the other cases. The argument of the appellants is highly technical and is not based upon the promotion of justice. There are substantial reasons why this case should not be reversed upon the reasons urged. Section 20-853, Comp. St. 1929, provides: "The court in every stage of an action, must disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect." There is no claim here that the alleged error affected substantial rights, and the technical questions of practice are not sufficient to justify a reversal. It would be a foolish waste of time to reverse the judgment and remand this case, when a retrial would require the same judgment. Present litigation, to serve a useful purpose, should be ended within the life of those now living, and the purpose of the courts should be the determination of substantial rights.

AFFIRMED.