ANNABELLE KOSER, APPELLEE, v. JACK D. KOSER, APPELLANT.

27 N. W. 2d 162

Filed April 18, 1947. No. 32175.

*H. G. Wellensiek* and *Donald H. Weaver,* for appellant.

*John F. McCarthy,* for appellee.

Heard before Simmons, C. J., Paine, Carter, Messmore, Yeager, Chappell, and Wenke, JJ.

Yeager, J.

For consideration here is the ruling of the district court on a motion of defendant, after default of said defendant and decree in favor of plaintiff in an action for divorce, child support, custody of child, and alimony, to set aside the default and the awards for child support and alimony and to permit him to defend against the allowance as to time for child support and as to amount for alimony. The parties are Annabelle Koser, plaintiff and appellee, and Jack D. Koser, defendant and appellant.

The district court overruled the motion and appellant has brought the ruling to this court for review.

At the time of the marriage, which was December 25, 1944, the plaintiff was a resident of Grand Island, Nebraska. Defendant was then, and still is, in the military service of this country. One child was born of the marriage. Sometime after the marriage the defendant was sent to service overseas. On January 10, 1946, which was apparently after the return of defendant from overseas, plaintiff filed her petition in this case for divorce, custody of the child, support for the child, and alimony. On the same day that the petition was filed a voluntary appearance of the defendant was filed and a waiver of time to plead and also a waiver of his rights under "the Soldiers' and Sailors' Relief Act of 1941 and the amendments thereto." On April 16, 1946, the parties entered into a separation agreement wherein, among other things, they made a settlement of their property rights in lieu of alimony and agreed upon allowances for the support of the minor child. Plaintiff accepted $500 in full in lieu of alimony and agreed to accept $10 per week for the support of the child until it should attain the age of 18 years or until the further order of the court. Defendant filed no pleading in the action.

Thereafter a hearing was had on the petition and default was entered against the defendant and on May 29, 1946, a decree was rendered, which was filed June 10, 1946, wherein plaintiff was granted a divorce, custody of the child, support for the child in the amount of $10 per week until it should become of age or until further order of the court, and alimony in the amount of $2,000 which was $1,500 in excess of the amount which the plaintiff had agreed to accept in lieu of alimony. With regard to alimony the district court specifically in the decree disapproved the agreement made by the parties.

On August 16, 1946, the defendant filed the motion, the ruling on which is the subject for consideration herein, to set aside the default, to set aside the alimony

allowance, and the award for child support and to allow him to defend against allowances in this respect. The grounds of the motion are: That the property settlement entered into was fair and reasonable under all the circumstances; that defendant was assured by plaintiff's attorney that the settlement would be approved and that he had no notice otherwise until after decree and default; that plaintiff's attorney advised him not to employ an attorney or be present or represented at the trial; that he has been at all times in the Armed Forces of the United States of America and no attorney was appointed to represent him as provided by law; that he entered his voluntary appearance and waived his rights under "the Soldiers' and Sailors' Relief Act of 1941 and the amendments thereto" on the assurance, upon which assurance he relied, of the plaintiff and her attorney that the property settlement would be approved by the court; and that plaintiff accepted the amount provided for her in the property settlement and is now precluded and estopped from receiving any additional amount.

It is this motion that the court overruled and it is from the order overruling this motion that the appeal herein was taken.

The assignments of error numbered 1 to 4 inclusive embody the contentions set forth in the motion. Assignments 5 and 6 deal generally with a journal entry which appellant contends failed to respond to the intention of the court. Specifically they refer to an alleged erroneous entry with regard to a provision for child support.

Taking up first the assignment of error that the district court erred in failing to appoint an attorney to represent defendant as provided by the Soldiers' and Sailors' Civil Relief Act (U. S. C. A., Title 50, § 520), it appears that the contention in this respect is without merit. To hold otherwise would be to read into the act intendments not found in the language thereof. The act does not protect against failure to defend by

all those in the services named in the act but only those who shall be in default of appearance. The act, U. S. C. A., Title 50, § 520 (1), in the following words points out those to whom the protection is extended: "In any action or proceeding commenced in any court, if there shall be a default of any appearance by the defendant, * * * ."

The defendant herein does not fall within this class. In his case there was no default of appearance. There was specifically a voluntary appearance. It is true that there was a failure and waiver of pleading but there was in no sense a default and failure of appearance.

Assignments of error 2, 3, and 4 deal with the action of the court with respect to the allowance of alimony contrary to the agreement.

It is the well-settled rule in this jurisdiction that where a husband and wife are permanently separated, and there are legal grounds for a divorce, they may agree upon a settlement of their property rights, and provide by contract for the support and maintenance of the wife, and if the provisions are fair and reasonable the agreement may be enforced by the courts. Hiett v. Hiett, 74 Neb. 96, 103 N. W. 1051; Amspoker v. Amspoker, 99 Neb. 122, 155 N. W. 602; In re Estate of Lauderback, 106 Neb. 461, 184 N. W. 128; Ladman v. Ladman, 130 Neb. 913, 267 N. W. 188.

In the light of this rule the district court had the right to accept the agreement and embody it in the decree if it was found to be reasonable or to reject it if it was found to be unreasonable. We assume it was found on the divorce hearing to be unreasonable and that that was the reason for its rejection. But was it just and equitable under the circumstances, reasonably understanding that the defendant was relying upon the agreement and its acceptance by plaintiff, to reject it as unreasonable and impose a much heavier obligation upon the defendant without giving him an opportunity to be heard, and especially when the determination of

unreasonableness must have depended upon evidence furnished by plaintiff who had agreed upon the lesser amount with the defendant? Could the court properly vacate and set aside a contract which the law recognizes as valid and binding upon the parties, subject only to a finding on the question of reasonableness, without giving both parties thereto an opportunity to be heard? We do not think so.

We think that when the conclusion was reached that the agreement with regard to the amount which was to be paid in lieu of alimony was unreasonable and inadequate an opportunity should have been accorded to the defendant to have his day in court on that question and that now on his motion this opportunity should be accorded.

Appellant is entitled to no relief on account of the failure of the court to conform to the terms of the agreement with regard to child support. The disposition of minor children and provisions for their support in an action wherein a divorce is granted is not controllable by agreement of the parties but by the court on the facts and circumstances as disclosed to it. § 42-311, R. S. 1943; Boxa v. Boxa, 92 Neb. 78, 137 N. W. 986.

Also the decree of the trial court insofar as minor children are concerned is never final in the sense that it cannot be changed but is subject to review at any time in the light of changing conditions. § 42-312, R. S. 1943; Saum v. Saum, 144 Neb. 842, 14 N. W. 2d 844; Dunlap v. Dunlap, 145 Neb. 735, 18 N. W. 2d 51.

In the light of the statutes and the decisions the right of appellant as to the matter of child support is to make application for a modification of the order of the court.

The order of the district court is reversed and the cause remanded for further proceedings in accordance with this opinion.

REVERSED AND REMANDED.