JOHN S. BRITTAIN, APPELLANT, v. DAVID C. WORK AND OTHERS, APPELLEES.

1. **Mortgage Deed:** DELIVERY OF. No particular act or form of words is necessary to constitute a delivery of a deed. Anything done by the grantor from which it is apparent that a delivery was intended, either by words or acts, or both combined, is sufficient. And a delivery may be presumed from the grantee's possession of the instrument, in the absence of proof to the contrary.

2. ———: WHEN AN ESCROW. It is only where the deed is delivered to a third person, to be held until some condition be performed on behalf of the grantee, that it can properly be said to be an escrow. If it be delivered to the grantee, although with the understanding that the wife of the grantor shall afterwards execute it also, this being solely for the benefit of the grantee, he may waive it, and the delivery is complete.

3. ———: ———. Evidence examined, and *held* sufficient to show a delivery.

ACTION to foreclose a mortgage on real estate in Jefferson county, given by David C. Work and Mary J. Work as mortgagors. The instrument was acknowledged by David C. on the eighth day of November, 1880, and by Mary J. on the tenth day of December following. It was filed for record Nov. 12, at 10 o'clock A.M. W. P. Freeman intervened, and set up title to same property by virtue of a deed of assignment executed by David C. Work, Nov. 12, 1880, and filed for record at 12 o'clock M. of that day.

On a trial before WEAVER, J., finding and decree were in favor of the assignee, and plaintiffs appealed.

*Boyle & Lindley*, for appellants, as to the delivery of the deed, cited, *inter alia: Miller v. Fletcher*, 21 American Reports, 356, and cases cited. *Arnold v. Patrick*, 6 Paige Ch., 310. *Lawton v. Sager*, 11 Barb., 349. *Worrall v. Munn*, 1 Selden, 229.   2 Bouvier Institutes, 293.

*Slocumb & Hambel*, for appellees.

LAKE, CH. J.

The result of this case depends upon the answer to be given to a single question, which is:   Was there an absolute delivery of the mortgage in controversy on the eighth day of November, 1880, the time of its execution by David C. Work?

In view of the fact that, in holding the deed of assignment executed by Work on the twelfth of the same month, and recorded subsequently to it, to be "senior and superior to the mortgage," as a lien upon the property, the learned judge before whom the case was tried in the district court must have answered this question in the negative, we have bestowed much care in our examination of the evidence before finally deciding, as we are constrained to do, that his judgment must be reversed.   A careful reading of the testimony embodied in the bill of exceptions leaves our minds in no doubt whatever that as between David C. Work and the mortgagee there was a complete delivery of the instrument on the day it was executed, and, being first recorded, it is entitled to priority over the deed of assignment.

That there was at least a manual delivery at that time is not only fully shown by testimony given on behalf of the appellant, but is in effect clearly conceded by Work himself, as we will show by a brief extract from his testimony.

Having stated in his examination in chief that one Richardson, who was an agent of the mortgagee, and the person with whom the arrangement for the giving of the mortgage was made, had "picked it up off the table," leaving it to be inferred that he had done so without permission, he was cross-examined on that point in part as follows:

Q. You did not object to Richardson taking the papers (referring to the mortgage and the notes it was intended to secure) from the table; it was what you expected him to do?

A. Yes, sir.

Q. They were put there for him?

A. They were signed and left on the table.

Q. For him? For his use? They were put there for him?

A. They were signed on the table and left there. I signed them and left them lying on the table.

Q. You had nothing more to do with them after signing?

A. No.

Q. You expected him to take them?

A. Yes.

Work, it is true, claims in another part of his testimony to have understood that John Exton, the notary who took the acknowledgment, and who was also an agent of the mortgagee, was to hold the mortgage until his wife, who was then absent, came home and executed it, which he had agreed with Richardson she should do. He does not pretend, however, nor is there a particle of evidence to show that, in any event, the mortgage was to be returned to him, so that, even if his were a correct understanding of the matter, such holding of the instrument would have been in the interest of the mortgagee alone, which he was at full liberty to waive. If the mortgagee saw fit to dispense with the signature of Mrs. Work to the instrument, we know of no reason why he could not do so.

Looking to the whole of the testimony, it clearly appears —in fact it is not denied—that Richardson, who was himself a member of the firm in whose interest the mortgage was taken, was exceedingly importunate in the matter of getting his claim against Work secured. So exacting and particular was he, that he would not even take Work's word that he would procure a release the next morning of a prior incumbrance on the property, but exacted from him a mortgage on his homestead as a guarantee that it would be done. Both mortgages were then left by Richardson with Exton, who was directed to surrender the homestead mortgage if Work's agreement to remove the prior incumbrance was complied with. The incumbrance was removed, the homestead mortgage surrendered, and the mortgage in controversy put upon record.

Mrs. Work being delayed in consequence of the sickness of a child, did not return so soon as expected; but when she came home, Exton went to her with the mortgage, which she promptly executed in the presence of her husband, and with the full knowledge on his part of its having been recorded, and to which he then made no sort of objection. This acquiescence on his part is to our minds very strong proof of Work then supposing that, when Richardson took the mortgage, he had parted with all control over it, and that the act of Exton in having it recorded was justifiable. The testimony of both Richardson and Exton, the only witnesses besides Work to the transaction, whose testimony, however, it is not worth while to review, fully supports this view of the case.

If this mortgage were not actually delivered to Richardson, then Exton must have held it simply as an escrow. That it was not held by Exton as an escrow is clearly shown by the fact that nothing whatever remained for the mortgagee to do as a condition to its taking effect as a contract between the parties to it. No particular act or form of words is necessary to constitute a delivery of a deed,

Anything done by the grantor, from which it is apparent that a delivery was intended, either by words or acts, or both combined, is sufficient. And a delivery may even be presumed from the grantee's possession of the instrument, in the absence of evidence to the contrary. 2 Wait's Actions and Defenses, 494. And a delivery may be either absolute—that is, to the party or grantee himself, or to a third person, to hold until some condition be performed on the part of the grantee, in which last case it is not delivered as a deed, but as an escrow. 1 Broom & Had. Com. (Wait's Notes), 735. Here we not only have the instrument in the possession of the mortgagee, by his agent, under circumstances pointing only to an absolute delivery, but also the admitted fact that nothing whatever remained for the mortgagee to do as a condition to it taking effect. It is not contended that the execution of the instrument by Work was conditioned upon his wife subsequently joining him in it, and his act in this respect seems to have been entirely independent of hers. It was doubtless understood between Work and Richardson that Mrs. Work would execute it, but that was intended to benefit the mortgagee, and which, as before stated, he was at liberty to waive.

The judgment must be reversed, and the cause remanded to the court below with instructions to enter one conforming to the prayer of the petition. If any surplus remain after satisfying the mortgage debt it can go to the assignee.

REVERSED AND REMANDED.