DORA HAECKER, APPELLANT, V. GEORGE HAECKER ET AL., APPELLEES.

FILED MAY 23, 1925.   No. 23151.

1. **Evidence:** DECLARATIONS: COMPETENCY. Evidence of declarations by the grantee, after the death of the grantor, as to the delivery of the deed, is hearsay and incompetent as against a claimant under the grantor, not present at the time they were made.

2. **Witnesses:** COMPETENCY: CONVERSATIONS WITH TESTATOR. One having a direct legal interest in the result of the suit is an in-

competent witness to conversations with a testator, as against a claimant through a devisee under the will, she being a representative of the deceased: Comp. St. 1922, sec. 8836.

3. **Deeds:** DELIVERY: EVIDENCE. Evidence examined, and *held* insufficient to establish delivery of a deed.

APPEAL from the district court for Buffalo county: BRUNO O. HOSTETLER, JUDGE. *Reversed, with directions.*

*Drake & Drake, Dorsey, Randall & Baldrige* and *Rosewater, Mecham & Burton,* for appellant.

*Pratt, Hamer & Beynon, Dryden & Dryden* and *H. M. Sinclair,* contra.

Heard before MORRISSEY, C. J., ROSE, GOOD and EVANS, JJ., REDICK and SHEPHERD, District Judges.

REDICK, District Judge.

This is an action brought by the plaintiff for the partition of two tracts of land containing 160 acres and 20 acres, respectively, but there is no dispute as to the 20 acres. The controversy as to the 160-acre tract presents the question of the sufficiency of the evidence to establish a delivery of a certain deed referred to later, and this is the only question to be decided. George Haecker was the ancestor of all the defendants and was the owner of the 160 acres in dispute, living upon it with his family until his death on August 12, 1914. On April 19, 1900, he made and executed a deed for the 160 acres to Christine Haecker, his wife, and placed it in a tin box where he kept other papers and some small amount of money, the box being ordinarily kept in a cupboard in the dining-room of the house. The deed remained in the box until after his death, the death of his son John, February 4, 1922, and the death of his wife Christine, May 29, 1922, and was not recorded until June 16, 1922.

On April 27, 1900, George Haecker duly executed a will, whereby he devised all his real and personal property to his wife during her life, and after her death the remainder and residue, subject to certain charges and legacies in favor of his other children, he devised and bequeathed to his three

sons, John, George, and Peter. At the date of the will the only real property owned by the testator was the 160-acre tract in dispute. John Haecker died testate without issue February 4, 1922, willing all his property in equal shares to his wife Dora, plaintiff, and a nephew, Edward Wellman, The plaintiff claims a one-sixth interest in the tract through the will of George Haecker devising a one-third interest to her husband John, and through John's will devising her one-half thereof. The defendants claim under the deed in question as the heirs at law of Christine Haecker. John, having predeceased Christine, took nothing as her heir, and, if the deed in question is sustained, Dora, of course, would have no interest in the disputed tract.

It is conceded that the deed is of no validity unless it is established by the evidence that the same was delivered to Christine by the grantor in his lifetime. The evidence tending to establish delivery is quite meager. The defendants rely upon the presumption of delivery said to arise from the fact that the deed was at one time in the possession of the grantee, upon declarations of the grantee that it had been so delivered on the day of its date, and upon the testimony of one of the sons, George, that some 35 years prior to the trial, which would be in 1887, the grantor had expressed an intention to deed the property to his wife, and upon the testimony of Peter that his mother Christine had told him several times before his father's death that she had a deed to the 160 acres.

On the other hand, the plaintiff contends that all of the evidence received tending to establish delivery is incompetent, and otherwise insufficient, in view of the facts established that the receptacle in which the deed was placed (a tin box) was under the control of the grantor, although the grantee had access thereto as a common place of deposit used by the family; that the deed was not recorded until after the death of both parties to it, although the deed for the 20 acres subsequently purchased was recorded promptly; that the grantor remained in possession, control and management of the property after the execution of the

deed the same as before; that eight days after the execution of the deed he made a will purporting to devise his real estate, having none other than the tract in question; that the tract was inventoried as belonging to the estate of the grantor, and one-third of it inventoried as part of the estate of John, all without objection from any of the heirs or devisees of George Haecker; that it does not appear that the grantee paid any taxes upon the tract or insurance premiums or took any part in the control or management of the property before or after the death of the grantor, and that all of the defendants up to the time of recording the deed treated the property as belonging to the estate of George Haecker.

Under the above facts and circumstances shown by the evidence, was there a delivery of the deed? The only competent evidence received to establish delivery was that of Katherine Wilder, a daughter, to the effect that she saw the deed in the possession of the grantee in October, 1914, after the death of the father, when the mother took it out of the tin box referred to and showed it to her. Her testimony as to the declarations of Christine regarding the delivery of the deed, as well as the testimony of Peter as to what his mother told him about having a deed, are mere hearsay and clearly incompetent. The testimony of George that 13 years before the execution of the deed his father had expressed his intention of giving the property to Christine, if of any probative value whatever, was incompetent under section 8836, Comp. St. 1922, it being as to a conversation and transaction with a deceased person, George having a direct legal interest in the controversy and the plaintiff being a representative of such deceased person claiming under his devisee, her husband.

The case for delivery, therefore, rests entirely upon the presumption thereof arising from the fact of the possession of the deed by the grantee. The rule on this point is stated in *Roberts v. Swearingen*, 8 Neb. 363, as follows: "A deed takes effect only from the time of delivery. The posesssion of a deed by the grantee, *in the absence of oppos-*

*ing circumstances,* is *prima facie* evidence of delivery, and the burden of proof is on him who disputes this presumption." This statement of the rule was approved in *Wilson v. Wilson,* 85 Neb. 167, although in that case there was ample evidence of circumstances tending to establish delivery.

We think the fact that the deed was deposited in a receptacle belonging to the grantor and under his control and the other facts and circumstances shown in the evidence are sufficient to rebut the presumption, if ever there was one of delivery of the deed. In truth, if the only facts shown were the deposit of the deed in the box, and possession of the deed by the grantee after the grantor's death, she having access to the box, we are not prepared to hold that any presumption of delivery would arise; but, assuming such presumption, it is completely overthrown by the other circumstances shown.

The evidence must warrant a finding of an intention on the part of the grantor to deliver the deed as a present conveyance of the land. In the absence of evidence of any act of grantor evincing such intent other than the execution of the deed, coupled with conduct clearly inconsistent with such intent, the evidence is insufficient to establish delivery. The following cases cited by plaintiff sustain our conclusions: *Reichart v. Wilhelm,* 83 Ia. 510; *Hooper v. Vanstrum,* 92 Minn. 406; *McGuire v. Clark,* 85 Neb. 102; *Flannery v. Flannery,* 99 Neb. 557.

The district court erred in dismissing plaintiff's petition, and the judgment is reversed, with instructions to enter a decree establishing in the plaintiff the title to an undivided one-sixth interest in the tract in controversy and grant partition as provided by law.

REVERSED.