BEULAH E. OWENS, APPELLEE, V. DAISY G. REED ET AL., APPELLANTS.

4 N. W. (2d) 914

FILED JULY 17, 1942.   No. 31372.

*William R. Patrick* and *Charles E. O'Brien,* for appellants.

*Jackson B. Chase* and *William H. Thomas, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and YEAGER, JJ.

CARTER, J.

This was a suit to quiet the title to certain real estate in Omaha claimed by plaintiff under a deed executed on Janu-

ary 23, 1920, by her brother and placed on record after his death on April 15, 1936. The trial court quieted the title in plaintiff, and defendant appeals.

The evidence shows that plaintiff was the only sister of George E. Reed who was, at the time the deed was executed, an unmarried man. On March 18, 1930, George E. Reed married the defendant, Daisy G. Reed, and they lived together until Reed's death. On May 27, 1932, Reed executed a will in which he devised certain described real estate to his wife and "also all other property, both real, personal and mixed wherever found that I may die possessed of except that hereinafter mentioned." The property in question is not specifically described in the will and is claimed by defendant by virtue of the residuary clause hereinbefore quoted.

The record further shows that the will of George E. Reed was probated and the property in question duly assigned to defendant by the will. This decree of the probate court of Douglas county is alleged by plaintiff to constitute a cloud on her title which she asks to have quieted in this suit.

After the death of Reed the two contesting parties, together with members of their respective families and others, met in the City National Bank in Omaha and opened a safe-deposit box in which Reed kept his papers and other valuables. The record is clear that Reed rented the safe-deposit box for his own use. The evidence is, however, that he sent his sister, the plaintiff, a key to the safe-deposit box and had her name included as a corenter. There is no evidence that plaintiff ever used it for her personal use, or that she had ever had occasion to open it for any purpose prior to her brother's death.

Upon opening the safe-deposit box there was found an envelope containing the last will of George E. Reed, together with the deed here involved, three other deeds and a letter written to him by Lois Owens, plaintiff's daughter. Laying on the envelope was a memorandum written by George E. Reed. Plaintiff claims that exhibit No. 20 appearing in the record was the memorandum found there. It was addressed

to "My Dear Sister Beulah" and was in part as follows: "A letter for you is in this box, also your papers are in the envelope. Take all the papers that are in the box, and go over and see Mr. George B. Lasbury room 759, Omaha Natl. Bank Bldg. He will tell you just what to do, and how to look after my business and your own. * * * Your Brother George." Below the signature appears the following: "9:30 a. m. May 28-32. I opened this box this morning. George E. Reed."

Defendant denies that exhibit No. 20 was the memorandum in the safe-deposit box and testifies that the memorandum in the box when it was opened was as follows: "To be delivered to my sister Mrs. Beulah E. Owens after my death." Three other witnesses, all relatives of defendant, corroborate this statement. Defendant and her witnesses testify that everything was put back into the safe-deposit box, except the letter written by Lois Owens, with the understanding that no one was to open the safe-deposit box unless others were present. Plaintiff returned to her home in Wisconsin and immediately authorized one Wheeler to come to Omaha and take possession of the contents of the safe-deposit box, which he did. Wheeler thereupon caused the deed to the property in question to be recorded, and delivered the will to the proper court for probate. It is claimed by defendant that the memorandum actually in the safe-deposit box, when it was first opened, disappeared during the time plaintiff and Wheeler were in possession of its contents.

There is considerable evidence in the record to the effect that Reed continued, after making the deed to plaintiff, to collect the rents from the property, pay the taxes and make the repairs thereon. Most of this was actually done by rental agents who accounted to George E. Reed. Plaintiff contends that Reed looked after the property for her during his lifetime.

Defendant produces evidence that tenants in the property never heard of plaintiff and never saw her about the premises during the 16 years intervening between the execution of the deed and the death of the grantor. There is no direct evidence by any one other than by plaintiff and her daughter

that plaintiff ever asserted ownership to the property prior to the death of Reed. Plaintiff's daughter, Lois Owens, testifies that Reed personally delivered the deed to Mrs. Owens in the spring of 1924 and that Mrs. Owens had him put them in the safe-deposit box in Omaha. There are many conflicting details in the evidence which we shall not attempt to recite here.

Defendant contends that certain exhibits were erroneously received in evidence for the reason that they constituted a transaction between a deceased person and one having a direct legal interest in the result of the suit in which the adverse party is the representative of the deceased and that the evidence of plaintiff was consequently incompetent to lay the foundation for their admission under the provisions of section 20-1202, Comp. St. 1929. There can be no question that plaintiff as the grantee in the deed to the property involved herein has a direct legal interest in the result of the suit and that the defendant as devisee under the will of her husband is a representative of the deceased within the purview of this statute. Exhibit No. 3 is a receipt for the rental of the safe-deposit box in Omaha and purports to show George E. Reed and Mrs. Beulah E. Owens as corenters. The proof of this relationship is very essential to the establishment of her claim and her evidence is therefore incompetent to lay the foundation for its admission as evidence for the reason that it constitutes a transaction with the deceased.

Defendant also complains of the trial court's ruling admitting in evidence exhibit No. 20, the memorandum hereinbefore quoted, for the same reason. The foundation for the admission of this exhibit was laid by the testimony of Lois Owens, the daughter of plaintiff. She testified that it was in the handwriting of George E. Reed and that she saw it first when the deposit box was opened on April 21, 1936. We think the exhibit was properly admitted.

Defendant claims error in the admission of exhibit No. 72, a letter dated May 28, 1932, from Reed to his sister. The letter was identified and the foundation for its admission as

evidence was laid by Lois Owens, the daughter of the grantee in the deed. The letter was admissible for the reason that the statute has no application where the transaction is shown by evidence other than that of one having a direct legal interest in the result of the suit. A similar objection is made to exhibit No. 75, a letter under date of October 21, 1923, from Reed to his sister. The foundation for the receipt of this letter in evidence was laid by the testimony of Lois Owens. It also was properly received.

The question was continually raised as to the competency of Beulah E. Owens to testify as one having a direct legal interest in the result. We are obliged to say that she was incompetent to testify, upon proper objection being made, to any transaction or conversation with the deceased bearing upon the result of this suit. *Kroh v. Heins,* 48 Neb. 691, 67 N. W. 771; *Broeker v. Day,* 124 Neb. 316, 246 N. W. 490. In some instances the testimony was received and the ruling reserved. In others, the objections were overruled. We shall therefore assume that the trial court disregarded all incompetent evidence. In considering the record *de novo,* we shall likewise disregard all incompetent evidence to which objection was timely made.

The deed to the property in suit was executed on January 23, 1920. Three deeds to other properties were also executed on different dates subsequent thereto, the last one being on March 21, 1924. There is evidence in the record that Reed was not in good health, a letter under date of October 21, 1923, indicating that he had had a stroke some time previously. In a letter in the record, received by Beulah E. Owens some time in 1924, Reed said: "It looks to me now like you would have to be troubled with them most any time. You will find Mr. Lasbury will give them as good care for you as I do." These words were written on a diagram showing the property involved in this case and the house where he lived some distance away. The inference is present that he thought his health was such that Mrs. Owens would soon have the properties in her care. The evidence of Lois Owens is to the effect that Reed visited them in the spring of 1924

at their home in Wauwatosa, Wisconsin, and delivered all of the deeds to her mother. It is worthy of note that the deed in question was at that time more than four years old and that the last deed to other property alleged to have been conveyed was dated March 21, 1924. These transactions occurred several years prior to the marriage of Reed to the defendant, Daisy G. Reed, on March 18, 1930, and consequently there is no way in which the wife can dispute the transaction except by putting the plaintiff on strict proof. The deeds were found in a safe-deposit box in an Omaha bank. It is evident that Reed first rented the box and on or about January 28, 1920, he requested the name of Beulah E. Owens to be added. This date being only five days after the execution of the deed in question leaves a strong inference that there was a causal relation between the two events. To us it seems apparent that Reed executed the deed, probably because of his fear for his own health, placed it in his safe-deposit box, and caused the name of his sister, the grantee in the deed, to be added as a corenter of the box. The evidence is clear that Mrs. Owens never made any use of the box and had never opened it until after the death of Reed. If Reed was content to have this undelivered deed remain in the safe-deposit box for four years, it seems rather strange to us that he should suddenly change his mind and take the deed to plaintiff and deliver it as testified to by Lois Owens, the only competent witness on the subject. The coincidence becomes greater when the delivery is alleged to have been made immediately following the execution of the last of the four deeds found in the safe-deposit box. There is no evidence that Mrs. Owens ever claimed the property prior to the death of Reed. In fact, Reed continued to collect the rents, make the repairs and pay the taxes. If the deeds had been delivered personally to Mrs. Owens by Reed with intent to divest himself of the title, it would seem that in the ordinary course of events they would have been filed for record. We think the circumstances are such that the evidence of actual delivery testified to by Lois Owens is insufficient to sustain the burden of proof cast upon the plaintiff. In the mem-

orandum found in the safe-deposit box and identified as such by Lois Owens, Reed directs Mrs. Owens to take them to George B. Lasbury for advice. Unless the death of Reed affected the nature of the transaction, there would have been no reason for this direction. If Mrs. Owens was the owner of the property before the death of Reed, his death could take nothing from, nor add anything to, her title. We think the record shows an intent on the part of Reed from the very inception of the transaction to make the deeds effective only at his death. This is further evidenced by a statement in a letter dated May 28, 1932, addressed to Mrs. Owens, in which he said: "I want you to open the box first if possible when I am gone." Unless he had expected her to receive something of value after his death, there could be no reason for his expressed desire for her to be the first to open the safe-deposit box. The inference is clear that he wanted her to get the deeds which he thought would effectively convey the title at his death. The contents of the memorandum laying in the box substantiate this view. The record indicates that Reed had no great amount of property and it hardly appears likely that he would absolutely divest himself of it under the circumstances shown. Much is made of the fact that Reed left a will in which he particularly described certain properties which he devised to his wife, and that none of the four covered by the deeds was included. We think that Reed did intend to convey the title to the properties to Mrs. Owens at his death, but if delivery was not made, his purpose simply was not legally consummated. On the other hand, the property in Missouri on which Reed lived with the defendant was not described in the deed and passed to the wife under the residuary clause contained in his will.

The placing of the deeds in the safe-deposit box was not of itself a delivery. The fact was that the safe-deposit box was used only by Reed and the rental thereof paid by him. Mrs. Owens apparently treated it as the property of Reed. While she may have had a legal right of access to it, no inference can be drawn that she was in possession of the contents of the safe-deposit box. We cannot say from the rec-

ord before us that the depositing of the deeds in the safe-deposit box evidenced an intent on the part of Reed to part with their possession, or to deliver them to Mrs. Owens as a conveyance of the title. *Haecker v. Haecker,* 113 Neb. 587, 204 N. W. 72. This court has held that the delivery of a deed is purely a question of intent to be determined from all the facts and circumstances and that the burden of proof rests upon the party asserting that delivery was had. *Ehlers v. Seip,* 136 Neb. 722, 287 N. W. 202. We think the evidence shows an intent on the part of Reed to retain the possession of the deed, as well as the possession and title of the property which it purported to convey, until after his death. His attempt to convey in this manner being ineffective, the plaintiff has no title and is not entitled to a decree quieting the title in her. We think the trial court erred in holding to the contrary.

REVERSED AND DISMISSED.