CATHERINE E. LEWIS, APPELLEE, V. BERNICE B. MARKER, APPELLANT.

18 N. W. 2d 210

FILED MARCH 23, 1945. No. 31912.

*George I. Craven,* for appellant.

*Jack Devoe, contra.*

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL and WENKE, JJ.

CARTER, J.

This is a suit in equity by Catherine E. Lewis to secure the cancellation of a quitclaim deed to a residence property in Lincoln in which Bernice B. Marker was the grantee. The trial court set aside and canceled the deed, and entered a judgment for $1,634.96 for the value of the use, less the cost of repairs and maintenance, during the time the plaintiff was denied possession. From this decree the defendant appeals.

The record shows that Elizabeth M. May became the owner of the real estate in question on or about July 31, 1926, by quitclaim deed from her husband. The evidence shows that Bernice B. Marker, a sister of Elizabeth M. May, lived with Mrs. May and her husband for many years and continued to live with Mrs. May after her husband's death in November, 1927. Mrs. May died on August 23, 1936, leaving as her sole heir at law her 16-year old adopted daughter, Catherine E. Lewis, the plaintiff in the present suit. The estate of Elizabeth M. May was duly administered and the real estate in question assigned by decree of the probate court to Catherine E. Lewis. Bernice B. Marker was appointed guardian for Catherine E. Lewis and performed the duties of such guardian until she resigned on or about August 13, 1938. On June 9, 1938, Bernice B. Marker recorded a deed to the property in question dated July 17, 1936, in which Elizabeth M. May was the grantor and Bernice B. Marker

was the grantee. The case resolves itself into the question of whether there was a delivery of the deed by Elizabeth M. May in her lifetime.

The evidence shows that Elizabeth M. May appeared at the place of business of the First Trust Company in Lincoln on July 17, 1936, and requested an employee to notarize the deed, which was done. There seems to have been a conversation between the notary and Mrs. May, the substance of which was that the property was being deeded to Bernice B. Marker because Catherine E. Lewis was then a minor and that Miss Marker would see that the daughter was provided for. Mrs. May left the presence of the notary with the deed in her possession.

The testimony of Bernice B. Marker is that she found the deed in a safety deposit box during the latter part of May or the first part of June, 1938. It was clipped to the deed which William A. May executed and delivered to Elizabeth M. May and both deeds were clipped to an insurance paper belonging to Bernice B. Marker. With reference to the safety deposit box the record shows that it was leased jointly by Elizabeth M. May and Bernice B. Marker and that each had access to it. It is further shown that the First Trust Company made a record on each occasion that one of the joint lessees gained access to the safety deposit box. There is no entrance ticket indicating that Elizabeth M. May ever had access to the safety deposit box from July 17, 1936, the date of the execution of the deed, to August 23, 1936, the date of her death. An attempt was made to show that there was a possibility of losing an entrance ticket or that it could be taken by someone without the knowledge of the company. An officer of the trust company testified to the care with which the entrance tickets were preserved. The evidence tending to show the loss or abstraction of some of the entrance tickets to the safety deposit box does not rise above mere surmise or conjecture. There is no evidence in the record which even indicates that Elizabeth M. May had access to the safety deposit box from the date the deed was made to the date of her death. Bernice B. Marker

did testify that in September, 1943, she saw an entrance ticket signed by Elizabeth M. May which was dated June 20, 1936. No such ticket appears in the trust company's records. Assuming this statement to be true, it has no probative value for the reason that Mrs. May could not have placed the deed in the safety deposit box on that date because it had not on that date been executed. We think the evidence negatives the claim that Mrs. May placed the deed in the safety deposit box. Consequently, the fact that the deed was found in the safety deposit box is not, of itself, sufficient to sustain a finding that there was a delivery of the deed in the lifetime of Mrs. May.

There is much evidence in the record concerning the relations of Elizabeth M. May and Bernice B. Marker. They lived together for some 23 years and apparently got along well during that time. Miss Marker was a schoolteacher and undoubtedly made substantial contributions to the maintenance of the home. There is no evidence that she ever paid room and board in the ordinary sense, the home being operated more in the nature of a joint enterprise. There is evidence that Mrs. May on occasion stated that she intended to convey the residence to Bernice B. Marker because Catherine E. Lewis was a minor and that Miss Marker could better handle the property and care for Catherine. She did execute the deed, but the record is devoid of evidence sufficient to sustain a finding that she ever carried out her expressed intent by delivering the deed. The trial court was clearly correct in finding that the quitclaim deed to Bernice B. Marker should be canceled and held for naught as an undelivered deed.

The applicable rules are as follows: It is essential to the validity of a deed that there be a delivery. To constitute a delivery there must be an intent on the part of the grantor that the deed shall operate as a muniment of title to take effect presently. *Smith v. Black,* 143 Neb. 244, 9 N. W. 2d 193. The burden of proof rests upon the party asserting such a delivery to establish it by a preponderance of the evidence. Where the evidence fails to show that the grantor

did anything evidencing an intent to divest himself of title to the property, especially where he retains its possession, a delivery is not established. *Ehlers v. Seip,* 136 Neb. 722, 287 N. W. 202. Where an unrecorded deed is found, after grantor's decease, in a safety deposit box to which the grantee had a right of access as a joint lessee thereof with such grantor, this of itself will not sustain a finding that the deed was delivered when the grantor retained control of the property, collected the rents, made repairs and paid taxes thereon as he did before the date of the purported delivery. *Owens v. Reed,* 141 Neb. 796, 4 N. W. 2d 914. And where, as here, the preponderance of the evidence is to the effect that the grantor did not place the deed in the safety deposit box for the reason that she never had access to it from the time the deed was executed until the time of her death, the finding of the deed in the safety deposit box does not, of itself, constitute evidence of delivery on the part of the grantor. Defendant advances no other basis to establish a delivery of the deed. We conclude that the trial court was correct, therefore, in holding that a delivery of the deed was not established by the evidence and, the burden being upon the defendant, her defense must fail.

Defendant complains of the entry of the judgment against the defendant in the amount of $1,634.96. The record shows that defendant had been in wrongful possession of the real estate in question for a period of 70 months and that the reasonable rental value thereof was $40 a month. The court further found that defendant had expended $1,165.04 for repairs, upkeep and taxes. These items, and the value thereof, are amply sustained by the evidence. The judgment awarded for the difference, amounting to $1,634.96, is in all respects proper.

We find no error in the record. The judgment of the trial court is affirmed.

AFFIRMED.