CLIFFORD E. PHILLIPS, APPELLEE, V. NEIL C. VANDEMOER ET AL., APPELLANTS.

40 N. W. 2d 645

Filed January 6, 1950. No. 32701.

*James H. Anderson,* Attorney General, *Homer L. Kyle, Raymond B. Morrissey,* and *E. D. Warnsholz,* for appellants.

*F. C. Radke* and *Magdelene Craft Radke*, for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

MESSMORE, J.

This is an action in equity brought by Clifford E. Phillips in the district court for Johnson County to quiet title in him to the north half of Lots 6 and 7 in Block 31, original town of Tecumseh, Johnson County, Nebraska; to release a lien for old age assistance filed and indexed against the north half of Lots 6 and 7, as heretofore described, for payments made as old age assistance to his mother, Joanna Phillips, evidenced by a certificate of award appearing in the record; and to dismiss Johnson County's cross-petition to foreclose such lien against the property. The lien was filed and indexed pursuant to the provisions of section 68-215.01, R. S. Supp., 1947, which became effective on September 7, 1947. Upon hearing before the trial court, the court quieted title to the above-described real estate in the plaintiff, and released the lien filed and indexed against the real estate for payments of old age assistance made to Joanna Phillips from and after the law creating such lien became effective. The trial court also made a finding that Joanna Phillips did not hold the fee simple title to the above-described real estate, but was vested with a life estate therein which terminated with her death on September 9, 1948, and, in addition, dismissed the cross-petition of the defendant Johnson County for the foreclosure of the lien. Decree was entered accordingly. Upon the overruling of defendants' motion for new trial, the defendants appeal to this court.

The facts are not in great dispute. The record discloses that in 1927 Joanna Phillips obtained a divorce, and in the property settlement became the owner, by warranty deed, of Lots 6 and 7, Block 31, original town of Tecumseh, Johnson County, Nebraska. The deed was dated October 9, 1929, and filed of record May 5, 1930. On

October 9, 1929, Joanna Phillips mortgaged the afore-described real estate for $1,400. This mortgage was released June 22, 1937. The record also shows a mortgage dated March 24, 1939, which was released October 24, 1942. On March 23, 1938, this real estate was included in a paving district and special assessments levied against each lot in the amount of $108.24. On April 19, 1938, a special assessment for a sanitary sewer district was levied against Lot 6 of the described real estate in the sum of $81.23.

The plaintiff testified that he was born in Tecumseh in 1900, and was the son of Joanna Phillips. He secured employment with the United States government as a rural mail carrier in South Dakota, and was retired on October 1, 1937, on a pension amounting to $62 a month for physical disability. Upon his retirement he returned to Tecumseh and found that his mother was not well, was without finances, and that the real estate was in a run-down condition. He expected to repair the property and sell it so that he, his family, and his mother could go to New Mexico or Arizona for their health. He had saved $5,000. This amount he expended in remodeling what is referred to as the "mill" on Lot 7, into a home-grocery store and a five-room apartment. He detailed the repairs made. He also had the home of his mother, which was situated on Lot 6, placed in adequate repair and modernized to some considerable extent. He detailed the repairs and the fixtures which he furnished. In addition thereto, he paid the taxes from 1937, and the special assessments for paving and sewerage. By the expenditure of this money for the purposes heretofore stated, he and his mother had an understanding to the effect that she would deed the property to him. On May 17, 1945, two deeds were made by Joanna Phillips, one recorded August 28, 1945, which conveyed to the plaintiff the south half of Lots 6 and 7, reciting a consideration of one dollar and other valuable consideration. The other deed was to the north half of Lots 6 and 7, with the same consideration

recited, and reserving a life estate therein to Joanna Phillips. This deed was recorded July 16, 1948.

During the period from 1928 until her death September 9, 1948, Joanna Phillips occupied the north half of Lot 6 as heretofore described, as her home, with the exception of 20 weeks preceding her death when she was hospitalized and cared for by her son.

When the deeds were made and executed, Joanna Phillips gave them to her son, the plaintiff, and told him: " 'These are your's, put them away.' " The plaintiff took the deeds and put them into a tin box which he kept at his home. The box contained his papers and some insurance papers of his mother. The box was left unlocked, and both he and his mother had access to it.

On July 5, 1945, Joanna Phillips called on Robert Jewell, the director of the Johnson County assistance committee, and inquired about old age assistance. On July 23, 1945, she made application for old age assistance with the Johnson County assistance committee. The application so made by Joanna Phillips was denied September 4, 1945, for the reason that the committee decided that she had conveyed her real estate to make herself eligible for old age assistance. She appealed the decision of the Johnson County assistance committee to the Board of Control. Hearing was had on the appeal October 3, 1945. The decision of the Board of Control reversed the decision of the Johnson County assistance committee, and awarded Joanna Phillips $25.52 a month for old age assistance, and a certificate of award was issued to her to that effect.

On the appeal to the Board of Control Joanna Phillips stated the grounds for her appeal to be that the true status of her property was different than that shown on the county records; that she did not dispose of her property in order to become eligible for assistance; and that in an agreement between herself and her son, the property had not been hers for several years.

At the hearing before the Board of Control, Robert

Jewell, the director of the Johnson County assistance committee, testified that he had a conversation with Joanna Phillips wherein she told him about her property, and upon investigation the records of the county clerk, who is also the ex officio register of deeds in accordance with section 23-1502, R. S. 1943, disclosed that she held title to Lots 6 and 7, Block 31, Tecumseh. He further testified that she and her son lived on these lots; that the appraised valuation of the property where the son lived was $2,000, and where Mrs. Phillips lived was $1,400; and that a great deal of improvement had been placed on the property by the plaintiff. He was shown a deed that had been drawn on May 17, 1945, in which Joanna Phillips deeded to her son the south half of Lots 6 and 7, Block 31, and also a deed which Joanna Phillips showed him, to her son, to the north half of Lots 6 and 7, Block 31.

Joanna Phillips testified at the hearing that she was unable to pay the mortgage on the lots and that when her son returned from South Dakota she told him to take over the property. She felt that he should have it, so she deeded it to him.

The plaintiff testified at the hearing that the lots had been put up for sale, but they were unable to sell them, and when an opportunity came to sell them in the summer of 1945, his mother made the deeds so that the sale could be consummated, but the sale failed. The plaintiff testified also that he did not give his mother any cash when she handed the deeds to him, but that he had carried out his agreement to pay the mortgages, the taxes and special assessments, and to save her home for her, for which she had promised him that she would deed the real estate in question to him.

The appellants, defendants in the trial court, assign as error (1) the finding of the trial court that Joanna Phillips had conveyed title to the real estate in question to the plaintiff prior to the time she made application for old age assistance; (2) that the trial court erred in finding

that the defendants had notice of the conveyance of the said real estate to the plaintiff prior to the granting of old age assistance to Joanna Phillips; (3) that the trial court erred in quieting and confirming title to the real estate in the plaintiff free from the defendants' lien for assistance; and (4) that the trial court erred in dismissing the cross-petition of the defendant Johnson County for foreclosure of its lien for assistance.

The record shows affirmatively that the defendants Johnson County assistance committee and Johnson County, Nebraska, had full and complete knowledge of the deeds in question and of the conveyances made by Joanna Phillips to her son, the plaintiff. Vested with this knowledge these defendants rejected and denied Joanna Phillips' application for old age assistance on the ground that by the conveyance to her son she had made herself ineligible to receive old age assistance. From this order denying her application for old age assistance Joanna Phillips appealed to the Board of Control, giving as her basis or reason for the appeal that she had made the conveyance of the real estate in question in this case to her son, and that the status of her property was different than what the county records disclosed at the time of her application for old age assistance. The testimony at the hearing on appeal discloses full and complete knowledge on the part of the defendant Neil C. Vandemoer, as Director of Assistance and Child Welfare for the State of Nebraska, and the Board of Control which is not a defendant, of the conveyance of the real estate in question from Joanna Phillips to her son. The record is clear that Joanna Phillips did not make the conveyance in question to her son for the purpose of making herself eligible to receive old age assistance, and under the facts no lien for old age assistance as contemplated by section 68-215.01, R. S. Supp., 1947, attached to the real estate in question.

The next proposition is whether or not Joanna Phillips made a legal delivery of the deed in question to the plaintiff.

Whether or not a deed was delivered is ordinarily a question of the intent of the grantor, to be determined from all the facts and circumstances. No particular act or form of words is necessary to constitute a delivery of a deed. Anything done by the grantor from which it is apparent that a delivery was intended, either by words or acts, or both combined, is sufficient. The possession of a deed by the grantee, in the absence of opposing circumstances, is prima facie evidence of delivery, and the burden of proof is on him who disputes this presumption.

The fact that the grantee kept the deed without recording it for a number of years, the grantor remaining in possession having reserved a life estate and the grantee making no claim to the real estate until after the grantor's death, does not necessarily overcome the presumption of delivery, when the deed, fully executed, is in his possession. See Kellner v. Whaley, 148 Neb. 259, 27 N. W. 2d 183. See, also, Brittain v. Work, 13 Neb. 347, 14 N. W. 421; Ehlers v. Seip, 136 Neb. 722, 287 N. W. 202; Owens v. Reed, 141 Neb. 796, 4 N. W. 2d 914; Smith v. Black, 143 Neb. 244, 9 N. W. 2d 193; Colbert v. Miller, 149 Neb. 749, 32 N. W. 2d 500.

In the instant case the evidence shows that Joanna Phillips promised to deed the real estate in question to her son. He paid the taxes and the special assessments, and remodeled the property. She handed him the deeds, told him that they belonged to him, and to put them away. He put them in a tin box that he kept in his home. She merely removed them for a purpose, and that purpose was to show them to the director of the Johnson County assistance committee in explanation of the status of her property in making inquiries with reference to whether or not, under the circumstances, she was eligible to receive old age assistance. The deeds were again returned to the tin box where they remained until her death.

In view of the evidence and the authorities, we conclude that there was a legal delivery of the deed in

152

question from the grantor, Joanna Phillips, to her son, the plaintiff.

The trial court did not err in the entry of the judgment appealed from.

AFFIRMED.