## KETTERER, Estate of, In re.

Probate Court, Franklin County.

No. 163860.   Decided August 29, 1956.

John D. Connor, for the executor.
William L. Schmidt, for the Heirs of George F. Ketterer.

### OPINION

By WALCUTT, J.

Julia Ketterer and George F. Ketterer, wife and husband, died

intestate, leaving no children or lineal descendants thereof. Julia Ketterer left two brothers and four nieces and nephews, and George F. Ketterer left four nieces and nephews. Julia Ketterer died on February 12, 1955, and George F. Ketterer on February 17, 1955. The parties having died within thirty days of each other the provisions of §2105.21 R. C., prevail and it is conceded that the real estate which is the subject of this action will descend to the next of kin of the party who held legal title thereto.

The executor of the estate of Julia Ketterer seeks to sell two parcels of realty, Parcel No. 1, appraised at $17,000.00, and Parcel No. 2, at $300.00. There seems to be no question that such sale is required in order to pay the debts of the estate.

In their answer to the petition the nieces and nephews of George F. Ketterer, deceased, aver that Parcel No. 1, which is the one appraised at $17,000.00, was not the property of Julia Ketterer, but was the property of George F. Ketterer.

There is no dispute as to the ownership of Parcel No. 2, the one appraised at $300.00, and no further consideration will be given it.

Parcel No. 1 was purchased by George Ketterer, who, on November 13, 1948, executed in his own handwriting a deed to Julia Ketterer. The deed, however, was not acknowledged until April 5, 1950. Following the death of both the decedents this deed was filed and recorded in the office of the recorder of Franklin County, Ohio, by John D. Connor, attorney for the executor of Julia Ketterer's estate.

The stipulation of the parties shows that George F. Ketterer had, since August 8, 1948, a safety deposit box in the Bexley Branch of the Ohio National Bank, which was released by his representative on February 17th, 1955, the date of his death, and that Julia Ketterer had leased from January 26, 1954, a box in the same bank, which was released during her lifetime on December 17, 1954. On December 17, 1954, a deposit box was taken in the joint names of the decedents in the Bexley Branch of the Ohio National Bank, which box was released by their respective representatives on February 18, 1955.

In the box jointly owned by the decedents, there was found after their deaths a deed in an envelope which bore the inscription "Ohio House of Representatives, George F. Ketterer, 960 North Nelson Road, Columbus, Ohio," and the further notation, "deeds belong to Julia Ketterer." In the envelope were two deeds, the original deed for Parcel No. 2 to Julia Ketterer, and the deed from George F. Ketterer to Julia Ketterer covering Parcel No. 1.

It is conceded that the notation, "deeds belong to Julia Ketterer" is in the handwriting of George F. Ketterer.

Parcel No. 1 is a lot of land improved with a single dwelling, which was jointly occupied by George F. Ketterer and Julia Ketterer for some time prior to the dates of their respective deaths. Parcel No. 2 is an unimproved lot of land lying immediately to the rear of Parcel No. 1.

Subsequent to the acknowledgement of the deed to Parcel No. 1, which will be hereinafter referred to as "the deed," George F. Ketterer paid the taxes on the real estate in question in 1952 and in 1954, and on

December 3, 1952, installed a gas furnace at a cost of $730.00, which he paid.

The question, decision of which will be decisive in this case, is whether or not there was a delivery by George F. Ketterer and an acceptance by Julia Ketterer of the deed.

**17 O. Jur. 2d, Sec. 53, p. 152,** says:

It is well settled that in order to convey title by deed there must not only be a proper execution and acknowledgment of the deed, but also a delivery for the purpose of passing title. It is an elementary principle that a deed, to be operative as a transfer of the ownership of real estate, must be delivered with intention by the grantor to sever his right to control the instrument further and an intention by the grantee to assume control over it. Delivery gives the instrument force and effect. * * *

(Page 153.) A deed which is not delivered, or which is not accepted by the grantee, derives no force from being recorded.

It is also essential **(17 O. Jur. 2d, Sec. 54, p. 154),**

In order to pass title by a deed of realty, not only must the grantor deliver the deed with the intention of having it take effect as a conveyance, but also, in order to complete delivery, an acceptance on the part of the grantee is essential.

The intention of the parties is of vital importance in considering the matter of delivery and acceptance. **17 O. Jur. 2d, Sec. 55, p. 155,** states:

To pass title by deed there must be a delivery thereof by the grantor with intention to sever his right to control the instrument further, and there must also be an acceptance of the deed with the expressed or implied intent to take title as therein conferred.

The intent of the grantor is a paramount consideration on the question of the delivery of a deed. A delivery which will pass title occurs only when the grantor parts with his dominion over the deed with the intention to pass title. Intent to vest in the grantee the custody of the instrument, no less than that of the estate, is essential. Moreover, a deed must be delivered with the intention of having it take effect, before it will be effective to transfer title. It is essential to the valid delivery of a deed through a third person that the grantor intended to part with all the control over the deed at the time of depositing it with the third party. On the other hand, delivery with the intention of conveying title conveys title whether the deed is recorded or not.

Generally as to the nature and sufficiency of such delivery, the same authority says (page 158):

The delivery of a deed may be effected actually, by doing something and saying nothing, or verbally, by saying something and doing nothing; or it may be by both. No particular form or ceremony is essential; delivery may now be made by words and acts, or either, if accompanied with the intention that they shall have that effect. The grantor must part with the right of control and recall, and must intend to vest in the grantee the custody of the instrument as well as the estate, but manual delivery of the instrument is not necessary; nor is it necessary that delivery be by the grantor personally, or with intent that it take effect

immediately. Where there has been a completed delivery of a deed, the deed is not rendered inoperative simply because the grantor retains possession of the property during his life, or because he has access to the deed.

It is not essential to the validity of a deed that there be manual delivery to the grantee, providing the grantor surrenders control thereof with intention to transfer title to the grantee.

Quoting again from 17 O. Jur. 2d, Section 64, p. 162:

The fact of delivery of a deed may be found from the acts of the parties preceding, attending, and subsequent to the signing, sealing, and acknowledgment of the instrument. In other words, a delivery is sufficiently proved if it appears from the circumstances attending its execution, or from what took place at any subsequent time in the life of the grantor—from what the grantor either did or said, or assented to, on the part of the others—that it was his intention at the time that the deed should take effect and pass title.

In this case the deed is found in a deposit box which is the joint property of the husband, the grantor, and wife, the grantee. Does this constitute sufficient evidence of delivery of the deed, where the notation that it is the property of the wife is made by the husband?

The general rule as to whether the appearance of such a deed in a deposit box jointly owned is evidence of delivery and acceptance is stated generally in 14 O. L. R. 2d, p. 968, to be that:

Where an unrecorded deed is found, after grantor's decease, in a safety deposit box to which the grantee had a right of access as a joint lessee thereof with such grantor, this of itself will not sustain a finding that the deed was delivered when the grantor retained control of the property, collected the rents, made repairs and paid taxes thereon as he did before the date of the purported delivery. In the instant case, it was shown that the decedent had executed a quitclaim deed purporting to convey realty to the joint lessee with the grantor of a safe-deposit box, in which the deed was found, unrecorded, after the grantor's death. Records maintained by the lessor of the safe-deposit box did not disclose a visit to the box from the date of execution of the deed to the time of decedent's death. Under these circumstances, it was held proper to decree cancelation of the deed in favor of an heir of the grantor.

Citing in support thereof, 145 Neb. 763.

The case of McDevitt v. Morrow, 57 Abs 281, being one decided by the Court of Appeals of this County, is cited by both parties.

It will be noted that in that case the plaintiff charged that the defendant procured the execution and delivery of the deed without his understanding the nature and effect thereof, which seems to be an admission of delivery.

The court cites with approval Goodhue v. Goodhue, 15 O. D., 635:

The grantor must part with right of control and right of recall of the deed.

They further cite, at page 286:

It should be noted that the test here is not whether the grantor had the opportunity to and could have taken the deed, destroyed it, or

otherwise appropriated it, after its execution or indeed, whether the defendant would have interposed to prevent it but whether or not he had the right under the facts attending so to do.

It should also be noted that in that case the box in which the deed was deposited stood in the name of the daughter, with the father as deputy, not in the joint names of the two. The deed also was recorded and at page 288, the Court says: "The record of a deed is prima facie evidence of its delivery." We do not believe this case decisive of the case at issue here because of the difference in the facts.

In the matter of the **Estate of McKitterick, 94 Oh Ap 373. Syllabi 1** and 2 announce the law to. be:

No particular form or ceremony is essential in the delivery of a deed; delivery may be made by words and acts or either, if .accompanied with the intention that they shall have that effect.

A deed is not rendered inoperative because the grantor retains possession of the property and the deed during his life where a life estate is reserved in the deed.

It will be noted, however, in this case the deed was made by a father and mother to a son, who occupied and cultivated the farm covered by the deed on equal shares and reserved to the father and mother a life estate in the premises.

In the case at bar no life estate was involved, and in the McKitterick case there was that which does not appear in this case, positive testimony as to statements by the decedent that he intended to transfer the title to the son.

In **Kniebbe v. Wade, 53 O. O. 175,** affirmed in **161 Oh St 291,** it was held that the mere fact that the wife had possession of the husband's unrecorded deeds after his death did not constitute delivery in order to pass title against the legal heir, where there was no intention to make the deeds presently operative. This was a case of mutual deeds between husband and wife, with the understanding that the survivor take the property. No such agreement appears in the case at bar.

In **Bolles v. The Toledo Trust Company, 132 Oh St 21,** the Supreme Court held that:

The essentials of a valid gift inter vivos are (1) an intention on the part of the donor to transfer the title and right of possession of the particular property to the donee then and there and (2), in pursuance of such intention, a delivery by the donor to the donee of the subject-matter of the gift to the extent practicable or possible, considering its nature, with relinquishment. of ownership, dominion and control over it.

To support such a gift, clear and convincing evidence is required.

While that case·involved securities and not realty, Zimmerman, J., on page 27 of the opinion called attention to **45 Oh St 462,** in which it was held:

Gifts inter vivos, like gifts causa mortis, are watched with caution by the courts, and to support them clear and convincing evidence is required.

And on page 30:

Certain undisputed evidence in this case is indicative that there was

no such delivery, including surrender of dominions, as the law demands. Among the indicia are the facts that the securities were contained in a box to which George A. Bolles had free access and to which he made frequent visits; that they were kept and found in a folder bearing his name or initials; that they stood in his name without endorsement or assignment; that he exercised incidents of ownership in the manipulation of certain of the securities at different periods and that he collected the dividends and interest therefrom and deposited the same to his individual account in the bank.

In **25 Oh Ap 523, Vale v. Stephens,** the Court held:

Since a conveyance is the medium by which property is transferred from grantor, there is no transfer or transmission of ownership without mutual intention of transfer and transmission of property with purpose of change in ownership.

It is urged in this case that because the deed was in the handwriting of the husband and the notation on the envelope was in his handwriting there is a strong presumption of delivery. With this we cannot agree. Nor do we believe that the fact that a deed to property unquestionably belonging to Mrs. Ketterer was also in the envelope tend to prove delivery and acceptance of the deed in question.

The fact of lack of ingress and egress to Parcel No. 2, which is not covered by the stipulation, but is referred to in the briefs, we believe merely indicates the reason why George F. Ketterer might have deeded the property to his wife, but we do not believe it is proof of such delivery.

It is urged by counsel of the Julia Ketterer heirs that the maintenance of the property by the payment of taxes and the installation of a furnace does not indicate that George F. Ketterer retained control of the property. but merely that he was discharging his obligation to support his wife. He could have supported her without doing either.

Nor are we impressed by the use of the word "belong" rather than "belonging" and the use of the word "deeds" rather than "deed." He may have been correct in his choice of words, but neither connotes an intention to part company with the instrument or the land.

It is true that George F. Ketterer had a separate box in the bank, which he could have used, but which he did not use. It is likewise the fact that he was a joint owner of the box in which the deeds were found.

It is the opinion of the Court that the grantee's heirs have failed to establish by the requisite degree of proof that the grantor delivered, or intended to deliver, the deed to the grantee, or that the grantee accepted or even had knowledge of the execution of the deed, and that therefore the real estate sought to be sold in this action was the real estate of George F. Ketterer.

The prayer of the petition is denied and entry may be drafted in accordance herewith.