IN RE ESTATE OF PETER HOLMBERG.
AUGUSTA HOLMBERG, APPELLANT, V. ESTATE OF PETER HOLMBERG, APPELLEE.

FILED APRIL 11, 1922. NO. 21982.

Executors and Administrators: ALLOWANCE TO WIDOW: ESTOPPEL. In a suit by a husband, the court granted him a divorce and awarded alimony to the wife. The wife, in consideration of the payment of the alimony without delay, agreed to release all her claims, rights and interests in the husband's estate arising out of their marital relations and in full settlement of her property rights. The alimony was forthwith paid, and thereafter the husband died before the divorce decree became effective. Such agreement estopped the wife from allowance for her support during the administration of her deceased husband's estate.

APPEAL from the district court for Douglas county: ALEXANDER C. TROUP, JUDGE. *Affirmed.*

*Lambert, Shotwell & Shotwell,* for appellant.

*John W. Battin, contra.*

Heard before LETTON, ROSE, ALDRICH, DAY and FLANSBURG, JJ., RAPER, District Judge.

RAPER, District Judge.

Peter Holmberg obtained a decree of divorce against his wife, Augusta Holmberg, in Douglas county on October 24, 1919, in which decree the court awarded the wife alimony in the sum of $450 and the further sum of $50 for attorney's fees. The divorce case was tried in September, but decree was not entered until October 24. There was some negotiation between the parties concerning the payment of these awards after the trial and before the formal entry of the decree, in which Mr. Holmberg's counsel told Mrs. Holmberg's attorney that Holmberg had no

money and did not want to pay the alimony, but if Mrs. Holmberg would give a quitclaim deed to the homestead and give a quitclaim deed to all of the real estate belonging to Mr. Holmberg, and give a release of all claims, rights and interests of Mrs. Holmberg in the property of Mr. Holmberg arising out of the marital relations of the parties in full settlement of the property rights since the divorce, that he, Mr. Battin, plaintiff's attorney, would help Mr. Holmberg raise the money to pay the alimony. Mr. Battin further told Mrs. Holmberg's attorney that the alimony could not be collected for six months, but that Mr. Holmberg would pay cash if this arrangement could be made. This proposition was assented to, and Mr. Battin made out the deed and gave it to Mrs. Holmberg's counsel. It was executed and acknowledged by Mrs. Holmberg on October 24, 1919, and the $500 as provided in the decree was paid, and the deed delivered, and recorded the same day. On that same day Peter Holmberg, without his wife joining, gave a mortgage on all his real estate for $622.40, for the purpose of procuring the money with which to pay the alimony. There was a prior mortgage on the real estate of $879.

Peter Holmberg died December 12, 1919. Soon after his death Mrs. Holmberg applied to the district court to have the decree vacated and set aside, which was refused, and she appealed to this court, where it was held, in *Holmberg v. Holmberg*, 106 Neb. 717, that the divorce action abated by the death of Mr. Holmberg, and the decree, so far as it related to the divorce, never became effective, but that the judgment for alimony having been fully executed was final. In January, 1920, John W. Battin was appointed executor of the last will and testament of Peter Holmberg. Augusta Holmberg asked for an allowance as the widow for her support during the settlement of the estate, and the county court allowed her $75 a month, from which the executor appealed to the district court, where the claim was rejected, and from that judgment the widow appeals.

The deed executed by appellant is in form a quitclaim, expresses a consideration of $500, described all the real estate owned by the deceased, and contains this clause: "This deed is given in settlement of and as a release of all claims, rights and interests of said Augusta Holmberg in the property of said Peter Holmberg arising out of their marital relations and in full settlement of the property rights since divorce of said parties."

The whole question at issue is dependent upon the effect of the quitclaim deed executed on October 24, 1919. If that writing does not bar appellant, then, under the law, she is entitled to the statutory allowance for her support during the administration of the estate. The appellant insists that there was no consideration for the deed; that it does not bar her from asserting her right to the allowance; and that a postnuptial agreement releasing all claim of a wife in her husband's estate does not estop her from claiming the widow's allowance.

This court in *Rieger v. Schaible*, 81 Neb. 33, 53, held that an antenuptial agreement of like purport was sufficient to bar the widow's statutory allowance, the rights of children not being involved. Mr. and Mrs. Holmberg had no children. In *In re Estate of Lauderback*, 106 Neb. 461, it was held by this court that a postnuptial agreement wherein the parties agreed to claim nothing from the property, each may now have or afterward acquire barred the surviving husband from claiming the statutory right to specific articles of personalty which the law gives to a surviving spouse. See, also, *Gould v. Superior Court*, 191 Pac. (Cal. App.) 56, and *Sovereign Camp, W. O. W., v. Billings*, 107 Neb. 218.

These cases are decisive of the propositions that such agreements bar the surviving spouse of the statutory allowances, and they are applicable to the language used in the deed, and also to the situation of the parties. They had not lived together for some time before the divorce, nor at any time afterward. As to the provision being reasonable, we are unable to say it is not fair. The parties

In re Estate of Holmberg.

were married in 1914, she then being 55 years' old and he was 72. There is no showing that the wife brought any property to the family, and evidently the husband acquired none after the marriage. The property of the deceased consists of two pieces of real estate, for one of which, as testified to by Mrs. Holmberg, $2,000 was paid, and for the other $1,200 was paid many years ago. At his death there were the two mortgages existing, before referred to. There is nothing else in the record to show the value of these properties, nor that deceased had any personal estate. Under this state of the record, it cannot be said that the provision was not reasonable and fair.

The claim that there was no consideration for the deed, because the court had awarded the $500 as alimony, is the most serious one. The appellant testified, in effect, that she did not read the deed, and that nothing was said to her about appealing from the alimony judgment, nor anything concerning the statements about paying the money at once for the release of her rights, but when the negotiations were had with her attorneys, able and upright men, her negative testimony concerning these matters does not appeal to us, and probably did not to the trial court. It is highly improbable that she would have been permitted by her attorneys to sign so important an agreement without advising her concerning it. The situation, as shown by the evidence above stated, fully warrants the conclusion that there was adequate consideration to support the agreement. She received the money. It is a valid agreement, founded upon sufficient consideration, and no reason appears why the judgment of the district court should not be affirmed.

AFFIRMED.