IN RE ESTATE OF FRED BASSETT, DECEASED.
ETHEL N. BASSETT, APPELLEE, v. FIRST NATIONAL BANK AND TRUST COMPANY, EXECUTOR OF THE ESTATE OF FRED BASSETT, DECEASED, ET AL., APPELLANTS.

201 N. W. 2d 848

Filed November 10, 1972. No. 38411.

Perry, Perry & Witthoff, for appellants.

Gaines, Spittler & Otis and Salvadore Carta, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

CLINTON, J.

Two closely related questions are presented on this appeal. First, whether a property settlement agreement entered into by the husband and wife in connection with an action for divorce can be given effect as a postnuptial separation agreement barring the wife from a widow's share in the estate of the husband who died 9 days before the decree would have become final. Second, if the property settlement agreement does not of itself bar the rights of the widow in the estate of her husband, is she estopped to assert such rights by reason of her acceptance of benefits under the property settlement agreement and the decree of divorce.

The essential facts of the case were either admitted or agreed to by stipulation. Ethel N. Bassett, the appellee, and the decedent, Fred Bassett, were married December 25, 1915. They separated in 1940 and thereafter lived apart. Fred Bassett continued to contribute to the support of Mrs. Bassett on a regular basis and during the last few years before the entry of the decree of divorce this contribution had been $150 monthly. Fred Bassett filed a petition for divorce on October 7,

1968. On June 20, 1969, the parties entered into the property settlement agreement which was later, on July 1, 1969, approved by the court in a decree granting to Fred Bassett a divorce on the grounds of desertion. The principal provision of the agreement was to provide for monthly payments to Mrs. Bassett in the amount of $156.33. It also provided for a lump sum payment of $450 designated as a division of property, and for attorney's fees. The agreement and the decree of the court provided for retention of jurisdiction by the district court for the sole purpose of raising or lowering the monthly payments by an amount "no greater than the change shown by the Cost of Living Index as published by the United States Government."

Bassett died on December 21, 1969. Thereafter his will was admitted to probate in Lancaster County. The will named the appellant, Antionette Spitznagle, as residuary legatee. This will, which was executed on September 16, 1969, calls attention to the possibility of claims being made by Mrs. Bassett against his estate on account of the provisions of the decree of divorce and authorizes the executor to make arrangements deemed appropriate.

At the time of Bassett's death, the attorney's fees, the lump sum payment of $450, and the six monthly payments which became due on or before the date the divorce decree would have become final had been paid and accepted by Mrs. Bassett.

After Bassett's death and the admission of his will to probate, Mrs. Bassett filed an election to take against the will of her husband and also an application for the various statutory allowances provided for a surviving spouse, including an allowance for support under the provisions of section 30-103, R. R. S. 1943. The county court made the allowances claimed and entered a finding that she was entitled as the widow of the decedent to the statutory one-half share of his estate. It was from these findings and order that appeal to the district

court was taken by the residuary legatee and the executor. There both sides filed motions for summary judgment. The district court sustained the motion of Mrs. Bassett and denied that of the residuary legatee and executor. The residuary legatee and executor then perfected their appeal to this court.

As we have already noted the appellants contend that because the appellee failed to tender back the payments she received under the agreement until after the appeal to the district court, she is estopped to assert the divorce never became final. The cases cited by the appellants do not support such a proposition and we decline to adopt such a rule. The elements of estoppel are lacking. If she is entitled to share in the estate of the deceased and the allowances provided by statute, any adjustments for payments she has received under the agreement can be made without any prejudice to the estate. We hold that a mere failure of a surviving wife to tender back support or other payments received by her under the terms of a property settlement agreement entered into in connection with an action for a divorce does not by itself estop the surviving spouse from denying the finality of the decree and from claiming her statutory rights in the estate of the husband where he dies before the divorce becomes final.

In connection with the principal question, the appellants rely upon a line of decisions of this court which includes the following: Hiett v. Hiett, 74 Neb. 96, 103 N. W. 1051; In re Estate of Lauderback, 106 Neb. 461, 184 N. W. 128; Koser v. Koser, 148 Neb. 277, 27 N. W. 2d 162. These cases and others hold generally that postnuptial agreements between husband and wife, settling their respective property rights, will be sustained where the parties have separated or separate at the time of the agreement, grounds for divorce exist, a full disclosure of assets has been made, each relinquishes the right of inheritance in the property of the other, the agreement is determined by the court to be

fair and equitable, the terms thereof have been observed by the parties, and there. has been no reconciliation.

The appellee relies upon some of the same authorities and argues that the property settlement agreement contains no express mutual waivers of rights of inheritance and is by its terms expressly contingent upon a decree of divorce being entered and the approval by the court of the agreement; and that since the decree of divorce never became final because of Bassett's death, the agreement has no viability independent of the finality of the decree in the divorce action. She cites, among other cases, Parker v. Comstock, 177 Neb. 197, 128 N. W. 2d 696, and In re Estate of Holmberg, 108 Neb. 382, 187 N. W. 903. Both parties cite Focht v. Wakefield, 145 Neb. 568, 17 N. W. 2d 627.

The property settlement agreement provided that it was ". . . conditioned upon the same being approved by the court, and upon a decree of divorce being entered herein, but not in consideration of the entry of such a decree of divorce." It also stated: "The parties recommend to the court that the plaintiff pay to the defendant . . . (here are described the monthly payments to which we have previously made reference) . . . so long as she lives." There then follows a stipulation for payment by Bassett of the attorney's fees of his wife and an agreement for payment of the $450 lump sum we have previously referred to. Paragraph 6 of the agreement provided: "Each of the parties shall, except for the above, have as their own separate estates all of the property of which he or she is now in possession."

Bassett was possessed of an estate of approximately $150,000, which had been acquired by him through inheritance after the separation in 1940. It was stipulated that a full disclosure of the nature of his assets and their value had been made to Mrs. Bassett before the property settlement agreement was entered into.

Since both sides of this controversy filed motions for summary judgment it is evident each felt entitled

to prevail on the basis of the agreed facts and the terms of the property settlement agreement. It appears they have taken the position that no additional evidence could be relevant. We will proceed on that basis.

The primary problem, as we see it, is one of interpretation of the property settlement agreement in the light of the surrounding circumstances concerning which there is no dispute. It appears to us that this case may be decided by determining whether the parties intended the agreement to be contingent upon the divorce becoming final. This intention must be determined primarily from what the parties did and the language of the agreement. The agreement was "conditioned upon the same being approved by the court, and upon a decree of divorce being entered herein." The language "recommend to the court" is not indicative of a contract or agreement intended to be wholly independent of the decree of the court. The decree of the court has no finality until 6 months have lapsed. The decree itself became nugatory when Bassett died because the subject matter was gone and the parties could never be divorced by operation of law. Parker v. Comstock, *supra*. As we have noted, the property settlement agreement and the decree of divorce both provided for retention of jurisdiction of the court for the purpose of raising or lowering the monthly payments in accordance with changes in the cost of living index. While not conclusive, this too argues against independent viability of the property settlement agreement. The district court does not usually retain jurisdiction in a divorce action where one party dies before the decree becomes final.

We have been cited no case in which a property settlement agreement entered into as part of and to facilitate an action for divorce has been held to have independent viability so as to bar the right of the surviving spouse to inherit where one of the parties died before the divorce became final. The Bassetts were

still husband and wife when Bassett died, the statutes of descent and distribution and the statutes providing allowance for the spouse must be given effect. Focht v. Wakefield, *supra*. To extend the doctrine of In re Estate of Lauderback, *supra*, and other similar cases to the situation here presented would lead to much uncertainty and would, we believe, promote litigation in those situations where one spouse dies before the decree of divorce becomes final.

The $450 "division of property" payment made to Mrs. Bassett pursuant to the property settlement agreement and divorce decree shall be charged against Mrs. Bassett's statutory share of the estate. The monthly payments made before the decree became final were payments for support and need not be offset.

AFFIRMED.